**STONEY POINT PRODUCTS, INC., Plaintiff–Appellee,**

v.

**John UNDERWOOD, Defendant–Appellant.**

No. 01–1236.

United States Court of Appeals, Federal Circuit.

June 7, 2001.

---

Before MAYER, Chief Judge, SCHALL and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

## ORDER

Stoney Point Products, Inc. moves to dismiss John Underwood's appeal for lack of jurisdiction. Underwood opposes. Stoney Point replies.

Stoney Point filed·an action against Underwood in the United States District Court for the District of Minnesota for a declaration of patent invalidity and noninfringement, unfair competition, deceptive trade practices, and patent misuse. Underwood counterclaimed for patent infringement, interference with prospective business advantage, and defamation/product disparagement. On December 22, 2000, the court granted summary judgment in favor of Stoney Point on the noninfringement and invalidity claims. Stoney Point's tort claims remained pending and, on January 12, 2001, those claims were set for trial on March 5, 2001.[1] On January 29, 2001, the district court denied Underwood's request to file a motion to reconsideration of the December 22, 2000 order, noting that a motion for reconsideration under Fed.R.Civ.P. 59(e) was untimely because it must be filed within 10 days of judgment and ruling that Underwood had failed to demonstrate "compelling circumstances," a requirement for reconsideration under the district court's Local Rule 7.1(g). On February 26, 2001, 65 days after entry of the December 22, 2000 partial summary judgment, Underwood filed a notice of appeal.

On March 2, 2001, pursuant to a stipulation of the parties, the district court entered final judgment on the infringement and invalidity claims pursuant to its December 22, 2000 order and dismissed without prejudice Stoney Point's tort claims. Underwood did not file a notice of appeal from the district court's March 2, 2001 judgment.

Stoney Point moves to dismiss Underwood's appeal for lack of jurisdiction. Stoney Point argues that Underwood's

---

1. Underwood voluntarily dismissed his tort counterclaims before the district court's December 22, 2000 partial summary judgment order.

February 26, 2001 appeal was premature and ineffective to confer appellate jurisdiction to review the district court's final judgment, entered on March 2, 2001, which disposed of all claims asserted in the complaint. Stoney Point argues that Underwood erred in failing to file a notice of appeal within 30 days of the final judgment as required by Fed. R.App. P. 4(a)(1)(A).

Underwood opposes dismissal, arguing that his notice of appeal was timely filed within 30 days of the court's January 29, 2001 order denying him leave to file a motion for reconsideration. Underwood argues that the district court's January 29, 2001 order contained a declaration that its December 22, 2000 order granting partial summary judgment was "final," thus, Underwood's time to appeal began to run from the date of the court's January 29, 2001 declaration. Underwood additionally asserts that "[a]ll claims need not be finally determined before an appeal is pursued. The only requirement is that the claim being appealed is final."

■ Underwood is mistaken as to when a judgment is final for purposes of judicial review. Absent certification under Fed. R.Civ.P. 54(b), a judgment disposing of only some asserted claims is not final for appeal purposes. *See Aleut Tribe v. United States*, 702 F.2d 1015, 1020 (Fed.Cir. 1983) ("an appeal from an Order that disposes of only some claims of an action may *not* be made without waiting for a decision on the remainder of the case, unless the requirements of Rule 54(b) of the Federal Rule of Civil Procedure are met"); *see also*

28 U.S.C. § 1295(a) (this court has jurisdiction "of an appeal from a final decision of the district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title"). In addition, contrary to Underwood's assertion, a notice of appeal must be filed "within 30 days after the judgment ... is entered," not within 30 days of an order declaring a judgment to be "final." [2] Fed. R.App. P. 4(a)(1)(A); 28 U.S.C. § 2107. While the district court granted partial summary judgment on the infringement and invalidity claims on December 22, 2000, it did not "enter" final judgment until March 2, 2001.

Moreover, Fed. R.App. P. 4(a)(2) [3] is unavailable to save Underwood's premature appeal. In *FirsTier Mortgage Company v. Investors Mortgage Insurance Company*, 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), the Supreme Court considered the parameters of Rule 4(a)(2) and stated:

> Rule 4(a)(2) was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment ... In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment. In these instances, a litigant's confusion is understandable,

---

2. Although Underwood argues otherwise, the district court's January 29, 2001 order does not contain a declaration as to finality. It merely asserts that a Fed.R.Civ.P. 59(e) motion to amend must be filed within 10 days of judgment and that Underwood's motion was not submitted within that time period. It does not state that the order was a final judgment for appeal purposes.

3. Fed. R.App. P. 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise.

Thus, after *FirsTier*, Rule 4(a)(2) has limited applicability. *See, e.g., United States v. Cooper*, 135 F.3d 960, 963 (5th Cir.1998) (After *FirsTier* "[o]nly where the appealing party is fully certain of the court's disposition, such that the entry of final judgment is predictably a formality, will appeal be proper"); *In re Jack Raley Construction, Inc. v. Homestead Development Company, Inc.*, 17 F.3d 291 (9th Cir.1994) (premature notice of appeal valid where only ministerial functions left to complete, not when trial court adjudication incomplete); *Strasburg v. State Bar of Wisconsin*, 1 F.3d 468, 472 (7th Cir.1993) ("a litigant seeking to take advantage of Rule 4(a)(2)'s saving provision must continue to be reasonably 'confus[ed] as to the status of the litigation' ... until final judgment is actually entered).

 We conclude that *FirsTier* prevents us from asserting appellate jurisdiction over this case. The district court's order did not purport to dispose of all of Stoney Point's claims. Given the district court's January 26, 2001 order setting Stoney Point's remaining claims for trial on March 5, 2001 and Underwood's March 2, 2001 stipulation to the entry of final judgment, there is no reasonable basis for Underwood to assert that he was under the mistaken impression that the district court's December 22, 2000 order was final and appealable. Underwood's inaction in failing to appeal after the district court issued a final judgment resolving all claims and issues in the case requires us to dismiss this appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) Stoney Point's motion to dismiss is granted.

(2) Each side shall bear its own costs.