# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3322

_____

| | | |
|---|---|---|
| C. Frank Miller, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Special Weapons, L.L.C., | * | District of Missouri. |
| | * | |
| Appellee. | * | |

_____

Submitted: April 13, 2004

Filed: June 2, 2004

_____

Before MORRIS SHEPPARD ARNOLD, RILEY, and COLLOTON, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

C. Frank Miller appeals from a summary judgment for Special Weapons, L.L.C., entered in the district court.[1] Because we conclude that we lack jurisdiction we dismiss the appeal.

Mr. Miller asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1291, which grants to the federal circuit courts jurisdiction over cases that have been finally

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

decided in the district court.  Special Weapons contends that when Mr. Miller filed his appeal, Special Weapons's counterclaim was still pending in the district court and therefore the final judgment rule was not satisfied.

Mr. Miller originally sued Special Weapons for tortious interference with a business relationship, breach of contract, and conspiracy to breach a contract. Special Weapons counterclaimed on the same contract, arguing that Mr. Miller had violated it.  After discovery, Special Weapons moved for summary judgment on Mr. Miller's claims, arguing that he could not prevail on any of his claims because the contract was void.  The district court agreed and specifically granted summary judgment against Mr. Miller on his claims only.  (Mr. Miller had not moved for summary judgment on Special Weapons's counterclaim, and the district court's decision was silent with respect to it.)  After Mr. Miller appealed, Special Weapons moved to amend its counterclaim in the district court to include allegations of fraud.  The district court denied the motion and entered a judgment against Special Weapons on its counterclaim.

The final judgment rule is designed to insure that the scarce resources of litigants and the courts are not wasted in interlocutory appeals that impede the flow of litigation, making it difficult and expensive to reach a final resolution of issues. Although the application of the rule can be harsh at times, it reflects a congressional choice that such consequences are preferable to the greater cost that could result from interlocutory appeals.  The Supreme Court has said that "a decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted), and we have long held that we lack jurisdiction over an order of summary judgment entered on a complaint where a counterclaim is still pending in the district court when the notice of appeal is filed. *See, e.g., Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991).

The difference between this case and *Thomas* is that in *Thomas* the counterclaim rested on a different legal theory from the one that underlay the claims resolved on summary judgment, *id.* at 522 & n.2, while in this case the district court's decision that the contract was void necessarily disposed of Special Weapons's counterclaim. We do not, however, believe that this difference makes for a legal distinction, and other courts have taken the same position.

For example, in *Bradford Marine, Inc. v. M/V "Sea Falcon,"* 64 F.3d 585, 587-88 (11th Cir. 1995), the Eleventh Circuit held that an order substantively resolving the claims against two separate defendants was not final because it only explicitly mentioned one of the defendants. *Bradford Marine* arose out of an action to recover money owed for repair of a yacht. Invoking federal admiralty jurisdiction, the repair company sued both the yacht *in rem* and the owner *in personam*. When the district court issued a decision in favor of the repair company, the yacht, but not the owner, appealed. The Eleventh Circuit held that it lacked jurisdiction under § 1291. According to the court, it was unclear whether the district court's order meant to resolve both the suit against the yacht and the suit against the owner because it spoke in general terms of "the defendant." And despite the fact that the suit against the yacht and against the owner rested on the same theory, the court held that the decision was not final. *Id.* at 586-88.

Sound policy supports this view. Allowing appeal when the pending counterclaims have been "substantively" resolved by a non-final district court decision invites parties to bring interlocutory appeals and then litigate in the court of appeals over whether the counterclaims were actually resolved. Foreclosing such wasteful jurisdictional litigation is one of the primary reasons for the final judgment rule. Furthermore, as this case illustrates, even dead but undismissed counterclaims present the risk of springing back to life. Had the district court granted Special Weapons's motion to amend its counterclaim, we would now have a case that was being simultaneously litigated in the district court and in the court of appeals if we

allowed this appeal to proceed. Where appeal is readily available by simply asking the district court to enter a final judgment, we see no reason to allow the waste, expense, and confusion that could result from a more complicated and exception-riddled rule.

We are aware that a number of other circuits have adopted some variation of the doctrine of "cumulative finality," under which a prematurely filed appeal is not dismissed if the district court finally resolves the case prior to final resolution of the case by the court of appeals. *See* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.9 (2d ed. 1991); Daniel A. Klein, Annotation, *When Will Premature Notice of Appeal be Retroactively Validated in Federal Civil Case?*, 76 A.L.R. Fed. 199 (1986). But no Eighth Circuit case of which we are aware has ever adopted this approach. Furthermore, at least one of the circuits that have adopted it has indicated that the appellant's *pro se* status was important to the decision, *see Curtis Gallery & Library, Inc. v. United States*, 388 F.2d 358, 360 (9th Cir. 1967), and others have limited it to cases that would have been suitable for interlocutory appeal anyway, *see Robinson v. Tanner*, 798 F.2d 1378, 1382-83, 1385 (11th Cir. 1986) (per curiam), *cert. denied*, 481 U.S. 1039 (1987). We are persuaded that such experiments with "pragmatic" application of the final judgment rule are unwise for the reasons set forth above.

Nor is Federal Rule of Appellate Procedure 4(a)(2) of any help to Mr. Miller. That rule, which states that a "notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry," is not applicable in the present circumstances. In *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991), the Supreme Court held that Rule 4(a)(2) saves a premature appeal "only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." The infirmity in Mr. Miller's appeal, however, does not lie in the fact that the district court had failed to issue its final order on the summary judgment

that it announced but rather in the fact that there was an unresolved claim pending in the district court when Mr. Miller filed his notice of appeal. For the reasons already stated, we do not believe that the summary judgment order entered in this case "would be appealable" and accordingly Rule 4(a)(2) is inapplicable.

We therefore dismiss the appeal for want of jurisdiction.

_____