# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2172

_____

William Dieser,                          *
                                         *
                  Appellee,              *
                                         *      Appeal from the United States
      v.                                 *      District Court for the Eastern
                                         *      District of Missouri.
Continental Casualty Company,            *
doing business as CNA Insurance          *
Company; CompuCom Systems,               *
Inc.,                                    *
                                         *
                  Appellants.            *


_____

Submitted: November 16, 2005
Filed: March 2, 2006

_____

Before MURPHY, BOWMAN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.


      Continental Casualty Company ("Continental") and CompuCom Systems, Inc.
("CompuCom") appeal the August 26, 2004, and March 22, 2005, orders of the

district court.[1]   As discussed below, neither of these orders was a final, appealable order.  Therefore, we dismiss the appeal for lack of jurisdiction.

Appellee William Dieser, a former employee of CompuCom, brought an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against Continental and CompuCom to recover benefits under a short-term disability benefits plan funded by CompuCom and a long-term disability policy provided by Continental.  On August 26, 2004, the district court issued a memorandum opinion and entered a separate order partially granting Dieser's motion for summary judgment and denying Continental and CompuCom's cross-motion for summary judgment ("August 2004 order").  The August 2004 order also awarded Dieser past-due short-term disability benefits in the amount of $1,730.76 from CompuCom; past-due long-term disability benefits in the amount of $82,788.00 from Continental; statutory penalties against CompuCom under 29 U.S.C. § 1132(c) in the amount of $18 per day for 441 days,[2] totaling $7,938.00; and an unspecified amount of pre-judgment interest.  Finally, in that order the district court set a bench trial to resolve the remaining issues of additional statutory penalties for failure to provide plan documents after May 14, 2002; the precise amount of pre-judgment interest; and attorney's fees and costs under 29 U.S.C. § 1132(g).

After an evidentiary hearing was held on November 5, 2004, and the parties filed post-trial briefs, the district court issued a second memorandum opinion and entered a separate order on March 22, 2005 ("March 2005 order").  In the March 2005 order, the district court awarded Dieser additional statutory penalties against

---

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

[2]The district court's memorandum opinion of August 26 indicates that the 441-day period encompasses February 27, 2001, through May 14, 2002.

-2-

CompuCom pursuant to § 1132(c) in the amount of $6,642.00, representing an award of $18 per day from May 26, 2002, until May 30, 2003; attorney's fees in the amount of $33,949.38; and costs in the amount of $150.00. In the March 2005 order, the district court also ordered that Dieser "shall show cause on or before March 27, 2005, if any, as to the precise dollar amount of pre-judgment interest that he is requesting by providing that total amount in addition to providing the mathematical computations upon which the total requested amount is based." Additionally, the district court provided that Continental and CompuCom could respond to Dieser's request for pre-judgment interest by April 3, 2005.

Accordingly, on March 25, 2005, Dieser filed a request for pre-judgment interest, explaining his position on how the interest should be determined, including setting forth the applicable statute governing pre-judgment interest, 28 U.S.C. § 1961; the applicable interest rate; various beginning and ending dates; and the specific calculations. On April 1, 2005, Continental and CompuCom filed a response to Dieser's request, disputing the applicable dates and arguing that Dieser's calculations and resulting numbers were flawed and that Dieser failed to respond appropriately to the district court's March 2005 order.

Continental and CompuCom filed a notice of appeal on April 21, 2005, thirty days after the March 2005 order. Continental and CompuCom appealed from the memorandum opinion and the order entered on August 26, 2004, and the memorandum opinion and the order entered on March 22, 2005. Continental and CompuCom's notice of appeal also indicated that the district court "has not yet ruled on Plaintiff/Appellee's motion for pre-judgment interest; however, Defendants/Appellants intend to include in their appeal any award of pre-judgment interest." The district court did not certify either order for appeal under 28 U.S.C. § 1292(b) or expressly direct entry of a final judgment as to fewer than all claims or parties under Fed. R. Civ. P. 54(b).

The district court then entered a third order on June 27, 2005 ("June 2005 order"), granting Dieser $104.86 in pre-judgment interest on past-due short-term disability benefits from CompuCom and $2,689.20 in pre-judgment interest on past-due long-term disability benefits from Continental. With the June 2005 order, all issues of liability and all amounts of monetary awards had been specified by the district court, and nothing was left for the district court to do but execute the judgment. *See Borntrager v. Cent. States, Southeast & Southwest Areas Pension Fund*, 425 F.3d 1087, 1091 (8th Cir. 2005). Continental and CompuCom did not file another notice of appeal subsequent to the entry of this final, appealable order.

"[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue." *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991). Generally, a party in a civil case must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). The requirement of a timely notice of appeal is mandatory and jurisdictional. *Arnold v. Wood*, 238 F.3d 992, 995 (8th Cir. 2001). Dieser argues that the August 2004 order was a final judgment, making Continental and CompuCom's notice of appeal untimely as to the August 2004 order but timely as to the March 2005 order. Therefore, Dieser contends that we have jurisdiction to review only the amount of additional statutory penalties and the amount of attorney's fees awarded in the March 2005 order. Continental and CompuCom contend that their appeal was timely as to the entire adjudication of the case by the district court because "there was not a final judgment from which an appeal could be taken until (at the earliest) March 22, 2005."

The notice of appeal filed on April 21, 2005, was premature because the August 2004 order and the March 2005 order were not final, appealable orders. *See* 28 U.S.C. § 1291 ("The courts of appeal . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."). A final decision within the

meaning of § 1291 "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Borntrager*, 425 F.3d at 1091 (quoting *Cunningham v. Hamilton County*, 527 U.S. 198, 204 (1999)). "A judgment awarding damages but not deciding the amount of the damages or finding liability but not fixing the extent of the liability is not a final decision within the meaning of § 1291." *Maristuen v. Nat' l States Ins. Co.*, 57 F.3d 673, 678 (8th Cir. 1995); *see also Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1002 n.2 (8th Cir. 2004) (holding that an order explicitly reserving the determination of the amount of attorney's fees and pre-judgment interest did not become final until the district court later issued an order fixing the amounts); *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 717-18 (8th Cir. 1999) (holding that an order awarding sanctions but reserving determination of the amount of sanctions was not appealable until the subsequent entry of an order fixing the amount of sanctions). The August 2004 and March 2005 orders did not purport to dispose of all issues in the case. On its face, the August 2004 order indicated that the amounts of additional statutory penalties, pre-judgment interest and attorney's fees and costs remained unresolved. Similarly, the March 2005 order indicated that the amount of pre-judgment interest was yet to be determined.[3] Thus, the April 21, 2005, notice of appeal was not taken from a final, appealable order and was ineffective to confer appellate jurisdiction upon this Court.

---

[3]This is not a case where the determination of specific amounts would be "mechanical and uncontroversial," such that "only a 'ministerial' task remains for the district court to perform." *St. Mary's Health Ctr. v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) (quoting *Parks v. Pavkovic*, 753 F.2d 1397, 1404 (7th Cir. 1985)) (holding that an order granting partial summary judgment but not disposing of claims for injunctive relief and for damages was not a final order). As demonstrated by the parties' submissions to the district court, the determination of the amount of pre-judgment interest by the district court was more than a ministerial task and was controversial.

We next address whether the prematurely filed notice of appeal can be saved by Fed. R. App. P. 4(a)(2), which provides that a "notice of appeal filed after the court announces a decision or order–but before the entry of the judgment or order–is treated as filed on the date of and after the entry." We conclude that this rule does not save the notice of appeal in this case.

The Supreme Court explained in *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 274 (1991), that Rule 4(a)(2) "permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment." However, the Supreme Court held that Rule 4(a)(2) applies "only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *Id.* at 276. By contrast, Rule 4(a)(2) does not save a premature appeal "from a clearly interlocutory decision–such as a discovery ruling or a sanction under Rule 11," because a "belief that such a decision is a final judgment would *not* be reasonable." *Id.* In *FirsTier*, the Supreme Court found that Rule 4(a)(2) saved a premature notice of appeal filed after the district court announced from the bench that it was granting summary judgment to the defendant on all claims. *Id.* at 270-71, 277. The plaintiff-appellant's belief in the finality of the oral ruling was reasonable because the bench ruling disposed of all claims and was a decision that would have been "final" under § 1291 and, therefore, appealable, had the judge immediately set forth the judgment and the clerk entered the judgment on the docket. *Id.* at 276-77.

As construed by *FirsTier*, Rule 4(a)(2) is inapplicable to the present situation. Neither the August 2004 order nor the March 2005 order was one "that *would be* appealable if immediately followed by the entry of judgment." *Id.* at 276. Because the August 2004 order expressly left unresolved the amounts of additional statutory penalties, pre-judgment interest and attorney's fees and costs, and the March 2005 order called for further submissions from the parties to determine the method of

calculation and the amount of pre-judgment interest, these orders could not reasonably be believed to be final within the meaning of § 1291.

Our prior decisions support this conclusion. We held in *Miller v. Special Weapons, L.L.C.*, 369 F.3d 1033, 1033-35 (8th Cir. 2004), that a premature notice of appeal could not be saved by Rule 4(a)(2) where the notice of appeal was filed after the district court entered summary judgment but before the district court entered a judgment on a pending counterclaim. Rule 4(a)(2) was inapplicable because the summary judgment order entered was not one that "would be appealable" under *FirsTier*. *Miller*, 369 F.3d at 1035. "The infirmity in Mr. Miller's appeal . . . does not lie in the fact that the district court had failed to issue its final order on the summary judgment that it announced but rather in the fact that there was an unresolved claim pending in the district court when Mr. Miller filed his notice of appeal."[4] *Id.*; *see also Thomas*, 931 F.2d at 522-23 (holding that the court lacked appellate jurisdiction where the notice of appeal was filed after the entry of a non-appealable summary judgment order but before the dismissal of pending counterclaims and the appellant failed to file a new notice of appeal after the judgment became final and appealable); *Detherage v. Barnhart*, 91 Fed. Appx. 520 (8th Cir. 2004) (unpub. per curiam) (dismissing an appeal for lack of jurisdiction because Rule 4(a)(2) could not cure the premature notice of appeal where the order appealed from was not one that "would be appealable" under *FirsTier* and a new notice of appeal was not filed after the district court subsequently entered a final, appealable order). *But see Hill v. St. Louis Univ.*, 123 F.3d 1114, 1120-21 (8th Cir. 1997) (finding, without mention of *FirsTier*, that pursuant to Rule 4(a)(2), a notice of appeal filed from a sanctions order that did not quantify the amount of sanctions and from a final, appealable order of summary

_____

[4]In *Miller*, this Circuit also declined to adopt the doctrine of "cumulative finality," under which a premature appeal is not dismissed if the district court resolves the case prior to final resolution by the court of appeals. *Miller*, 369 F.3d at 1035.

judgment later became effective as to the sanctions order when the amount of sanctions was later quantified).[5]

Other circuits also have found that Rule 4(a)(2) does not always operate to save a premature notice of appeal where the order or judgment appealed from subsequently becomes final prior to the disposition of the appeal. For instance, based on facts similar to this case, the Ninth Circuit in *In re Jack Raley Construction, Inc.*, 17 F.3d 291, 294 (9th Cir. 1994), dismissed an appeal for lack of jurisdiction because the prematurity of the notice of appeal was not cured by Rule 4(a)(2) and the appellants failed to file a fresh appeal after entry of final judgment. The order appealed was not one that "would be appealable" under *FirsTier* because the district court did not decide the matter of pre-judgment interest until long after the notice of appeal had been filed and the decision on pre-judgment interest was not merely a ministerial act but an adjudication of a contested issue. *Id.*; *see also United States v. Cooper*, 135 F.3d 960, 962-63 (5th Cir. 1998) (applying the criminal counterpart to Rule 4(a)(2), stating that "*FirsTier* allows premature appeals only where there has been a final decision, rendered without a formal judgment" and overruling pre-*FirsTier* cases to the extent they allowed a premature appeal of a non-final decision where judgment became final prior to disposition of the appeal); *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir. 1996) (holding that Rule 4(a)(2) could not save a premature appeal from an order that left attorney's fees and costs to be determined and where the district court had requested further submissions from both parties to assist in this determination); *Flynn v. Ohio Bldg. Restoration, Inc.*, No. 04-7091, slip op. at 1(D.C. Cir. Jun 27, 2005) (unpub. per curiam) (holding that Rule 4(a)(2) could not rescue a premature appeal because it was taken from a summary judgment order that did not

[5]To the extent that our circuit's decisions regarding the premature filing of a notice of appeal are in conflict, we are "free to choose which line of cases to follow." *Kostelec v. State Farm Fire and Cas. Co.*, 64 F.3d 1220, 1228 n. 8 (8th Cir. 1995). We believe the narrower view of Rule 4(a)(2) is more faithful to the Supreme Court's decision in *FirsTier.*

quantify damages; consequently, the appellants could not have reasonably believed that the summary judgment order was a final judgment, and the order was not a decision that "would be appealable" under *FirsTier*); *Stoney Point Prods., Inc. v. Underwood*, 15 Fed. Appx. 828, 830-31 (Fed. Cir. 2001) (unpub.) (holding that Rule 4(a)(2) has limited applicability after *FirsTier* and could not save a premature notice of appeal filed from an order that was not final and appealable).

Additionally, Continental and CompuCom do not fall within the group that Rule 4(a)(2) was intended to protect: "the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *FirsTier*, 498 U.S. at 276. In their April 1, 2005, response to Dieser's request for pre-judgment interest filed in compliance with the March 2005 order, Continental and CompuCom disputed Dieser's position on the appropriate beginning date for pre-judgment interest under 28 U.S.C. § 1961, which provides that "interest shall be calculated from the date of the entry of the judgment." In that context, Continental and CompuCom admitted that "the August 26, 2004 Order was not a final appealable Order, as it failed to resolve all issues between the parties," and with regard to the March 2005 order, they "further submit[ted] that no final Order and Judgment has been issued in this matter." Defendant Continental Casualty Company's and Defendant CompuCom Systems, Inc.'s Response to Plaintiff's Response to Order to Show Cause Regarding Prejudgment Interest at 4. Even in the absence of their admissions, we would be reluctant to find that Continental and CompuCom could reasonably believe that the August 2004 order or the March 2005 order was final because, as in *Jack Raley*, the parties were in disagreement over pre-judgment interest. *See Jack Raley*, 17 F.3d at 294 ("We are unwilling to conclude that the Appellants were lulled into the reasonable but mistaken belief that their . . . notice of appeal was efficacious. They could not rely on the teachings of *FirsTier* under circumstances in which they challenged the proposed award of pre-judgment interest.").

When Continental and CompuCom filed their notice of appeal several weeks later on April 21, 2005, they knew that "no final Order and Judgment ha[d] been issued in this matter" because the district court had not quantified the amount of pre-judgment interest owed to Dieser.  Continental and CompuCom even noted in their notice of appeal that the district court had not yet determined the amount of pre-judgment interest and stated that they "intend to include in their appeal any award of pre-judgment interest."  This statement of intent is insufficient to satisfy the requirement that the notice of appeal be filed "within 30 days **after** the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A) (emphasis added).  Continental and CompuCom's April 21, 2005, notice of appeal was filed prematurely, and they did not file a new notice of appeal after the district court entered the June 2005 order, which disposed of all issues in the case and was a final, appealable order.[6]

Accordingly, the appeal is dismissed for lack of jurisdiction.

———————————————

[6]We note that because the June 2005 order was properly entered on the civil docket pursuant to Fed. R. Civ. P. 79(a), even if it did not satisfy the separate-document requirement of Fed. R. Civ. P. 58(a)(1), the time for filing an effective notice of appeal has lapsed.  Continental and CompuCom had at most 180 days from the entry of the order on the docket on June 27, 2005, in which to file a notice of appeal.  *See* Fed. R. App. P. 4(a)(7)(A)(ii) (providing that if a separate document is required by Fed. R. Civ. P. 58(a)(1), the order is deemed entered for purposes of determining the time to file an appeal at the earlier of two events: (1) the order is set forth on a separate document or (2) if a separate document is not filed, 150 days have run since the order was entered on the docket).