# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3946
_____

Loran Stewart,

        Appellant,

    v.

Jule Hanson; Janis Anderson; Dr. Clyde
Stephens; Dr. Anderson, Attendant
Guard; Dr. Vandewege; Patt Adair;
Dr. Kroeger; Dr. Aye Kihan; Terry
Carlson; Joan Fabian; Tim Pawlenty;
Dr. Troedson; Dr. Burkeholder;
Jennifer Southwick, Sued as Jennefer
Southwick; Thomas M. Peterson; Ms.
Zebrasky; Terrain Pangerl; Connie
Ring; Dan Hilleren; Corrections
Medical Services; Pharmacorr,

        Appellees.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  District of Minnesota.
*    [UNPUBLISHED]
*
*
*
*
*
*
*
*
*
*
*
*
*

_____

Submitted: February 28, 2007
Filed:  March 9, 2007
_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Former Minnesota prisoner Loran Stewart appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 lawsuit under Federal Rule of Civil Procedure 41(b). We dismiss the appeal for lack of jurisdiction.

A timely notice of appeal (NOA) is mandatory and jurisdictional, and this court will raise jurisdictional issues sua sponte. See Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006). We find that the district court abused its discretion by granting Stewart an extension to file his NOA. See Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462 (8th Cir. 2000) (standard of review). A district court may extend the time to file a NOA if a party so moves no later than thirty days after the prescribed time expires, see Fed. R. App. P. 4(a)(5)(A)(i), which in this case would be within sixty days, see Fed. R. App. P. 4(a)(1)(A); but the party must also show excusable neglect or good cause, see Fed. R. App. P. 4(a)(5)(A)(ii), an issue the court did not discuss. We find that the reasons Stewart gave for requesting an extension did not constitute good cause or excusable neglect. See Gibbons v. United States, 317 F.3d 852, 853-54 & n.3 (8th Cir. 2003) (discussing standards for finding good cause and excusable neglect).

Accordingly, we dismiss the appeal for lack of jurisdiction.

_____