# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1858

_____

LeRoy K. Wheeler,                  *
                                  *
          Appellant,      *
                                  *   Appeal from the United States
    v.                     *   District Court for the
                                  *   District of North Dakota.
State of North Dakota; Tim Schuetzle;  *
Leann K. Bertsch,          *   [UNPUBLISHED]
                                  *
          Appellees.      *

_____

Submitted: September 5, 2008
Filed: September 16, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

North Dakota prisoner Leroy Wheeler appeals following the district court's[1] denials of his motion for injunctive relief and his motion for reconsideration in his 42 U.S.C. § 1983 action. We construe Wheeler's motion for reconsideration as one brought under Federal Rule of Civil Procedure 60(b). See Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999) (where motion for reconsideration was directed at nonfinal order, appellate court construed motion as Rule 60(b) motion because only

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

Rule 60(b) motions encompass motions filed in response to orders). We have jurisdiction to review only the district court's order denying Wheeler's Rule 60(b) motion, because Wheeler's notice of appeal was not filed within 30 days of the entry of the court's order denying his motion for injunctive relief, and Wheeler's Rule 60(b) motion was not filed within 10 days of the entry of the court's order. See Fed. R. App. P. 4(a)(1)(A) (NOA must be filed with district clerk within 30 days after order appealed from is entered); Fed. R. App. 4(a)(4)(A) (if party files Rule 60(b) motion no later than 10 days after judgment is entered, time to file appeal runs from entry of order disposing of motion); Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006) (timely NOA is mandatory and jurisdictional; appellate court will raise jurisdictional issues sua sponte); Broadway, 193 F.3d at 989 (appeal of Rule 60(b) motion does not bring up underlying judgment or order for review).

We conclude that the district court did not abuse its discretion in denying Wheeler's Rule 60(b) motion. See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (upholding denial of Rule 60(b) motion where motion largely reasserted contentions made in earlier motions and failed to demonstrate exceptional circumstances warranting post-judgment relief); Broadway, 193 F.3d at 988-990 (standard of review; Rule 60(b) is not vehicle for reargument on merits). Accordingly, we affirm.

_____