# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2121

_____

Perficient, Inc.

*Plaintiff - Appellee*

v.

Thomas Munley

*Defendant - Appellant*

Spaulding Ridge, LLC

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 13, 2022
Filed: August 9, 2022

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

The district court[1] granted Perficient, Inc.'s motion for summary judgment against Thomas Munley and Spaulding Ridge, LLC. It awarded nominal damages and attorney's fees to Perficient, but its orders did not quantify the amount of the award. Munley appealed. Perficient filed a motion to dismiss for lack of appellate jurisdiction, arguing that the orders from which Munley appealed are not final. We grant the motion and dismiss for lack of jurisdiction.

## I.

Perficient moved for summary judgment against its former employee Munley and Munley's new employer Spaulding Ridge in a lawsuit involving non-competition and confidentiality agreements that Munley signed when he worked for Perficient. Munley also filed a motion for summary judgment. On April 15, 2021, the district court entered two orders granting Perficient's motion and denying Munley's. In these orders, the district court observed that Munley was liable to Perficient on its breach-of-contract claim. The district court determined, however, that no actual damages resulted from Munley's breach. It instead found that Perficient was entitled to nominal damages. It also concluded that the attorney's fees sustained by Perficient as a result of Munley's breach were consequential damages of the breach, which were compensable as part of the damages element of the breach-of-contract claim. The district court did not specify any amount of either nominal damages or attorney's fees; rather, it ordered that Perficient file a motion in support of its request for damages and attorney's fees and that Munley file a response. The second order states that "[f]ollowing this briefing, the Court will enter a final judgment." On May 14, 2021, before any judgment was entered, Munley filed a notice of appeal as to the April 15, 2021 orders. On June 2, 2021, Perficient filed a motion to dismiss for lack of jurisdiction.

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

## II.

Generally, a party in a civil case who desires to appeal must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The requirement of a timely notice of appeal is mandatory and jurisdictional. *Arnold v. Wood*, 238 F.3d 992, 995 (8th Cir. 2001). Federal courts of appeal have jurisdiction over appeals from "final decisions" of United States district courts. 28 U.S.C. § 1291.

Munley argues that the April 15, 2021 orders constituted a final judgment from which he timely appealed. Perficient contends that Munley's notice of appeal was premature because the district court had not entered a final judgment from which an appeal could be taken.

We conclude that Munley's notice of appeal was premature because the April 15, 2021 orders were not final, appealable orders. *See* 28 U.S.C. § 1291. "A final decision within the meaning of § 1291 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006) (quoting *Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund*, 425 F.3d 1087, 1091 (8th Cir. 2005)). "A judgment awarding damages but not deciding the amount of the damages or finding liability but not fixing the extent of the liability is not a final decision within the meaning of § 1291." *Id.*; *see also St. Mary's Health Ctr. of Jefferson City v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) (citing *Parks v. Pavkovic*, 753 F.2d 1397, 1404 (7th Cir.), *cert. denied*, 473 U.S. 906 (1985) ("Normally an order that merely decides liability and leaves the determination of damages to future proceedings does not finally dispose of any claim; it is just a preliminary ruling on the plaintiff's damage claim.")); *Albright v. UNUM Life Ins. Co. of Am.*, 59 F.3d 1089, 1092 (10th Cir. 1995) ((brackets omitted) (quoting 16 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4009 (3d ed.)) ("[A]n order that determines liability but leaves damages to be calculated is not final.").

However, a judgment awarding damages but not specifying the amount may still be considered final "if only ministerial tasks in determining damages remain." *Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 736 (8th Cir. 2021) (concluding that the district court's task was more than ministerial where it had yet to determine the amount of damages); *Minn., Dep't. of Revenue v. United States*, 184 F.3d 725, 726 n.1 (8th Cir. 1999). The determination of damages is "ministerial" where it "requir[es] no independent legal judgment." *Cappuccio v. Prime Cap. Funding LLC*, 649 F.3d 180, 187 (3d Cir. 2011); *see also Woosley v. Avco Corp.*, 944 F.2d 313, 316-317 (6th Cir. 1991) (concluding that the determination of damages is "ministerial" where it consists merely of the calculation of a predetermined amount; that is, it is a mechanical or computational task).

Here, the district court awarded nominal damages but did not determine the amount of those damages. *See Dieser*, 440 F.3d at 923. Perficient did not request a specific amount of nominal damages, nor did the district court quantify the amount of nominal damages it intended to award in its orders. *Cf. Green v. Study*, 250 S.W.3d 799, 801-02 (Mo. Ct. App. 2008) (holding that the judgment was not final where it "state[d] no amount of punitive or nominal damages"). In fact, the district court explicitly left the nominal damage amount unresolved; it ordered that Perficient "may file any motion in support of its request for damages" and that Munley could respond. *See Kohlbeck*, 7 F.4th at 736 (stating that the district court's order granting summary judgment was not final where it determined liability and ordered the parties to file a motion to determine the damages amount). Without a quantification of the amount of nominal damages, we cannot say that there was "nothing for the court to do but execute the judgment." *See Dieser*, 440 F.3d at 923.

Had the district court awarded an unspecified amount of compensatory damages in addition to attorney's fees, its order would unquestionably have been nonfinal. *See Kohlbeck*, 7 F.4th at 736. And nominal damages are no less "concrete" than compensatory damages. *See Uzuegbunam v. Preczewski*, 592 U.S. ---, 141 S. Ct. 792, 801 (2021) ("Despite being small, nominal damages are certainly

-4-

concrete."). In the standing context, the Supreme Court has treated nominal damages as equivalent to compensatory damages, rejecting the view that "nominal damages are purely symbolic" and the contention that they do not "change a plaintiff's status or condition." *Id.* at 800-01 (brackets omitted) ("[W]e have already held that a person who is awarded nominal damages . . . may demand payment for nominal damages no less than he may demand payment for millions of dollars in compensatory damages" (internal quotation marks omitted)). This cautions against treating nominal damages differently from compensatory damages here.

The district court here left a task that is more than "ministerial." *See DeJohn v. Temple Univ.*, 537 F.3d 301, 306-08 (3d Cir. 2008) (describing the quantification of damages as "more than a ministerial act to be performed by the clerk of the court and routinely executed by the judge" where the district court's damage award included only nominal damages); *Uzuegbunam*, 141 S. Ct. at 800 (rejecting the view that "courts awarded nominal damages merely as a technical matter"). Although nominal damages are "trifling" in value, *see* "Damages," Black's Law Dictionary (11th ed. 2019), there is no standard amount awarded to parties under Missouri law.[2] *See, e.g.*, *Heifetz v. Apex Clayton, Inc.*, 2015 WL 6737772, at *1 (Mo. Cir. Ct. Oct. 26, 2015) (awarding nominal damages of $1,000), *aff'd*, 554 S.W.3d 389, 392 (Mo. 2018); *Green v. Study*, 286 S.W.3d 236, 242 (Mo. Ct. App. 2009) (reversing the trial court's nominal damages award of $1,000 in the replevin context but acknowledging trial courts' authority to exercise discretion in choosing the amount of a nominal damages award); *Evans v. Werle*, 31 S.W.3d 489, 493 (Mo. Ct. App. 2000) (awarding nominal damages of $1); *Morgan Publ'ns, Inc. v. Squire Publishers, Inc.*, 26 S.W.3d 164, 176 (Mo. Ct. App. 2000) (affirming a nominal damages award of $2); *Alexander v. Link's Landing, Inc.*, 814 S.W.2d 614, 621 (Mo. Ct. App. 1991) (affirming a damage award where the nominal damages were $10); *see also* 24 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 64:10 (4th ed. 1993 & Supp. 2022) (recognizing that "nominal damages have been awarded

---

[2]The non-competition agreement signed by Munley when he was employed by Perficient specifies that Missouri law would govern the agreement and all aspects of Munley's employment.

in greater amounts [than $1]"). The district court thus has yet to determine the value of the nominal damages and "personalize[] the remedy." *See Welch v. Spangler*, 939 F.2d 570, 573 (8th Cir. 1991). So, the district court's quantification of nominal damages requires "independent legal judgment." *See Cappuccio*, 649 F.3d at 187; *see also Corpus v. Bennett*, 430 F.3d 912, 915 (8th Cir. 2005) (describing the district court's evaluation of a nominal damages award as an exercise of discretion). *Compare State of Minn. v. Kalman W. Abrams Metals, Inc.*, 155 F.3d 1019, 1023 (8th Cir. 1998) (describing "final approval of the settlement" as a "'ministerial task' that does not defeat finality"), *and Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 560 n.2 (8th Cir. 2008) (noting that the district court's remaining task of "entering the judgment" was "ministerial"), *with SBC Advanced Sols., Inc. v. Comms. Workers of Am., Dist. 6*, 794 F.3d 1020, 1032 (8th Cir. 2015) (describing the initial determination of a damages award amount as more than ministerial).

Further, Federal Rule of Appellate Procedure 4(a)(2) cannot save the prematurely filed notice of appeal here. *See Dieser*, 440 F.3d at 925. The rule states that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." "Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment." *FirsTier Mortg. Co. v. Invs. Mortg. Ins.*, 498 U.S. 269, 274 (1991). However, the rule applies "only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment" and does not save a premature appeal "from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11." *Id.* at 276 (emphasis omitted). A "belief that such a decision is a final judgment would not be reasonable." *Id.* (emphasis omitted). Rule 4(a)(2) is inapplicable here. The April 15, 2021 orders would not "be appealable if immediately followed by the entry of judgment." *See id.* (emphasis omitted). The district court ordered that Perficient "may file any motion in support of its request for damages and attorneys' fees" and that Munley may file a response. Because the April 15, 2021 orders "expressly left unresolved" the amount of nominal damages, "these orders could not reasonably be believed to

be final within the meaning of § 1291." *See Dieser*, 440 F.3d at 924; *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 668 (8th Cir. 2008) ("[T]here must be some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as the court is concerned, is the end of the case." (internal quotation marks and brackets omitted) (quoting *Goodwin*, 67 F.3d at 151)).[3]

## III.

Because Munley's appeal was not taken from a final, appealable order and was therefore ineffective to confer appellate jurisdiction upon this court, we grant Perficient's motion to dismiss.

_____

[3]In this appeal, Munley also challenges the district court's September 5, 2019 order granting a permanent injunction in favor of Perficient—an order he has already appealed once. *See Perficient, Inc. v. Munley*, 973 F.3d 914 (8th Cir. 2020). This court determined in Munley's first appeal that, even though the September 5 order was mooted by the expiration of the permanent injunction, the findings and conclusions in the order could still be subject to future appellate review "should they be challenged on appeal from the court's *final order*." *Id*. at 918 (emphasis added). But because there is no final judgment yet in this matter, the district court's now-expired permanent injunction order is not presently reviewable.