# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-2772
_____

Paul Stehley

*Plaintiff - Appellee*

v.

Travelers Indemnity Company

*Defendant*

Travelers Home and Marine Insurance Company

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas
_____

Submitted: September 18, 2025
Filed: November 6, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Travelers Home and Marine Insurance Co. (Travelers) appeals the district court's order granting Paul Stehley's motion for summary judgment. Because the district court's order is not final, we dismiss the appeal for lack of jurisdiction.

## I. Background

Marcus Higgins sued Stehley in state court after Stehley's dog bit Higgins. Travelers insured Stehley against personal liability, so after the bite, he notified Travelers of Higgins's suit. Travelers did not contest coverage, and its representative told Stehley that he did not "need to do anything at this time." But Travelers did not defend Stehley. As a result, Higgins obtained a $1,269,218.50 default judgment against Stehley. After the state court entered this judgment, Travelers started defending Stehley and moved to have the judgment set aside. The state court denied this relief, however, and Travelers appealed on Stehley's behalf.

Meanwhile, Stehley filed this case against Travelers in state court and sought damages in the amount of the default judgment for Travelers's alleged breaches of its duties under his policy. Stehley also sought attorney fees and a statutory penalty under Ark. Code § 23-79-208. Travelers removed the case to federal court.

On cross motions for summary judgment, the district court decided that Travelers breached its duties under Stehley's policy. But the district court did not decide the amount of damages for which Travelers is liable. Rather, it "directed" Travelers "to provide a written explanation why it should not pay the full judgment amount in the underlying lawsuit of $1,269,218.50, or acquire a bond for that amount, . . . within 14 days . . . ." The district court also stated Stehley was entitled to a yet-to-be-determined amount in attorney fees and "$152,306.22 in statutory penalties" under Ark. Code § 23-79-208. Travelers complied with the district court's order and filed a supplemental brief explaining it had already obtained a bond for the underlying judgment, and arguing the default judgment was not final because

Travelers appealed the state court's order declining to set the judgment aside. The district court did not address Travelers's brief or revisit the extent of its liability.

Travelers timely appealed and initially argued it did not breach its duties under Stehley's policy and, alternatively, that Stehley's damages and the applicability of Ark. Code § 23-79-208 cannot be decided until the default judgment becomes final. While this appeal has been pending, Travelers settled with Higgins on Stehley's behalf and voluntarily dismissed its appeal of the state court's order declining to set aside the default judgment.

In a scheduling order, this court directed the parties to brief "whether the district court's order granting summary judgment was final and appealable at the time Travelers's notice of appeal was filed." Stehley did not do so, and Travelers provided only cursory remarks in its brief. Therefore, we again directed the parties "to file concurrent briefs on the issue of whether the district court's order was final . . . such that this court has jurisdiction over the appeal."

## II. Analysis

After our second directive, Stehley and Travelers both filed briefs arguing we have jurisdiction to hear this appeal because the district court's order is final. Nonetheless, we must assure ourselves of our jurisdiction, "even [when] the parties concede the issue." *Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir. 2001) (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)). Having made this inquiry, we conclude the district court's order is not final. Consequently, we lack jurisdiction.

This court only has jurisdiction to hear appeals from "'final decisions of the district courts' and certain enumerated interlocutory decisions that are not applicable here." *In re Mun. Stormwater Pond Coordinated Litig.*, 73 F.4th 975, 979 (8th Cir. 2023) (quoting 28 U.S.C. § 1291). "A final decision within the meaning of § 1291 'ends the litigation on the merits and leaves nothing for the court to do but execute

the judgment.'" *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006) (quoting *Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund*, 425 F.3d 1087, 1091 (8th Cir. 2005)). "A judgment awarding damages but not deciding the amount of the damages or finding liability but not fixing the extent of the liability is not a final decision within the meaning of § 1291" unless "only ministerial tasks in determining damages remain." *Perficient, Inc. v. Munley*, 43 F.4th 887, 889–90 (8th Cir. 2022) (first quoting *Dieser*, 440 F.3d at 923; and then quoting *Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995)).

Here, the district court decided that Travelers breached its duties under Stehley's policy and granted his motion for summary judgment. However, the court did not award Stehley a fixed sum as damages. Instead, it "directed" Travelers "to provide a written explanation why it should not pay the full judgment amount in the underlying lawsuit of $1,269,218.50, or acquire a bond for that amount . . . ." Travelers filed its explanation, but the district court did not revisit and decide the amount of Travelers's liability to Stehley. Thus, unless quantifying Stehley's damages is merely a ministerial task, the district court's order is not final.

We have explained that calculating damages qualifies as a ministerial task only if it can be performed "mechanical[ly] and uncontroversial[ly]," *St. Mary's Health Ctr. of Jefferson City v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) (quoting *Parks v. Pavkovic*, 753 F.2d 1397, 1401 (7th Cir. 1985)), and that tasks requiring "independent legal judgment" are not ministerial. *Munley*, 43 F.4th at 890 (quoting *Cappuccio v. Prime Cap. Funding LLC*, 649 F.3d 180, 187 (3d Cir. 2011)).

Under this standard, we cannot say that quantifying Stehley's damages is ministerial. There is no formula we can use to mechanically decide what damages Stehley suffered on account of Travelers's breaches, and there is a dispute over the extent of Travelers's liability to Stehley. Indeed, because Stehley initiated this case to hold Travelers liable for Higgins's default judgment, and Travelers has now resolved the judgment by settling with Higgins, the extent of Travelers's further liability to Stehley is unclear. The district court will need to use its own independent

legal judgment to resolve these issues on remand.  Consequently, the district court's order is not final, and we dismiss this appeal for lack of jurisdiction.[1] *Id.*; *accord Davis v. City of Little Rock*, 122 F.4th 326, 333 (8th Cir. 2024); *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 736 (8th Cir. 2021).

## III. Conclusion

We dismiss Travelers's appeal and remand to the district court for further proceedings consistent with this opinion.

_____

---

[1]Because we lack jurisdiction, we do not resolve whether Stehley is entitled to attorney fees and a statutory penalty under Ark. Code § 23-79-208.  On remand, the district court should consider this issue anew.