# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2951
_____

Perficient, Inc.

*Plaintiff - Appellee*

v.

Thomas Munley; Spaulding Ridge, LLC

*Defendants - Appellants*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: August 25, 2020
Filed: September 3, 2020
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

LOKEN, Circuit Judge.

In June 2019, Perficient, Inc., sued former employee Thomas Munley and his new employer, Spaulding Ridge, LLC ("Spaulding"), asserting claims including breach of contract and violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.450 et seq. Perficient moved for preliminary and permanent injunctive relief. After a combined

evidentiary hearing at which six witnesses testified, the district court[1] determined that Munley had breached restrictive covenants not to compete with Perficient, solicit its employees or customers, or disclose its confidential information for two years following his termination. The court granted permanent injunctive relief of short duration, enjoining Munley from engaging in certain "Competing Duties" and from "disclosing any confidential information of which he learned or became aware during the course of his employment with Perficient," and enjoining Spaulding from "facilitating, coordinating, or acting in concert with Munley to violate this injunction or the enforceable restrictive covenants." Perficient, Inc. v. Munley, No. 4:19-CV-01565, 2019 WL 4247056, at *7-10, 12 (E.D. Mo. Sept. 5, 2019).

Munley and Spaulding timely filed this interlocutory appeal but did not seek a stay of the district court's order pending appeal. The injunction expired on its own terms on May 1, 2020, with the appeal pending and further proceedings stayed in the district court. We have jurisdiction of appeals from orders "granting . . . injunctions." 28 U.S.C. § 1292(a)(1). However, "[w]e are empowered by Article III to render opinions only with respect to 'live cases and controversies,' meaning, among other things, that 'if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party,' we must dismiss the case, rather than issue an advisory opinion." Stevenson v. Blytheville Sch. Dist. No. 5, 762 F.3d 765, 768 (8th Cir. 2014) (citations omitted). We must consider the jurisdictional issue of mootness *sua sponte*. Here, "the fundamental concept of mootness is quite straightforward in that when an injunction expires by its own terms there is nothing to review." FIMCO, Inc. v. Funk, 748 F. App'x 716, 717 (8th Cir. 2019); see Olin Water Servs. v. Midland Research Labs., Inc., 774 F.2d 303, 307 (8th Cir. 1985). We conclude the order under appeal has become moot and remand to the district court for further proceedings.

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

None of the traditional exceptions to mootness apply. This is not a case of voluntary cessation of illegal conduct by the enjoined party. And like most injunctions enforcing restrictive covenants in employment agreements, the controversy is unlikely to be "capable of repetition but evad[ing] review" because, while the injunction was of short duration, there is no "reasonable expectation" that Munley "will return to his employment at [Perficient] and operate under this particular Agreement yet again." FIMCO, 748 F. App'x at 718; see generally Iowa Prot. & Advocacy Servs. v. Tanager, Inc., 427 F.3d 541, 544 (8th Cir. 2005). As there is no reasonable possibility of further injunctive relief, this aspect of the case is now moot. See Olin Water Servs., 774 F.2d at 307.

When a case becomes moot on appeal, the "established practice" is to "vacate the judgment below and remand with a direction to dismiss." United States v. Munsingwear, 340 U.S. 36, 39 (1950). The vacatur remedy may be appropriate when only the portion of the case on appeal has become moot. In Fauconniere Manufacturing Corp. v. Secretary of Defense, 794 F.2d 350, 352 (8th Cir. 1986), for example, in remanding to decide the still pending complaint, we directed the district court to vacate as moot its order granting a preliminary injunction. "But vacatur is an equitable remedy, not an automatic right." Moore v. Thurston, 928 F.3d 753, 758 (8th Cir. 2019). Thus, in U.S. Bancorp Mortgage Company v. Bonner Mall Partnership, describing Munsingwear's "established practice" as dictum, the Supreme Court held "that mootness by reason of settlement does not justify vacatur of a judgment under review." 513 U.S. 18, 23, 29 (1994). The Court explained:

> A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from unilateral action of the party who prevailed below. Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of

appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur.

Id. at 25 (citations omitted). Application of these general principles has spawned a legion of appellate decisions not easily reconciled and volumes of learned discussion in secondary sources. See, e.g., 10 C. Wright & A. Miller, Federal Practice & Procedure §§ 3533.10-.10.3 (3d ed. 2008 & 2020 Supp.).

This case presents the vacatur issue in an unusual setting. We are reviewing a *permanent* injunction entered after a combined hearing with the parties' agreement, and Munley and Spaulding took no action to avoid mootness, such as applying for a stay pending appeal. See Iowa Protection Servs., 427 F.3d at 544. This suggests that the permanent injunction order "is not unreviewable, but simply unreviewed by [Munley and Spaulding's] choice." Judicial precedents "are presumptively correct and valuable . . . . and should stand unless a court concludes that the public interest would be served by a vacatur." U.S. Bancorp, 513 U.S. at 25-26 (quotation omitted). On the other hand, the district court's Order noted that the parties' expedited procedure "left [the court] to rule on the merits of the relevant underlying claims without the benefit of a full trial." Perficient, 2019 WL 4247056, at *1. Of equal importance, the case remains pending in the district court, with unresolved damage and attorneys' fee issues that may turn on or be affected by the district court's findings and conclusions in the permanent injunction order. Mootness deprives us of jurisdiction to review those findings and conclusions on this appeal, and Munley and Spaulding can hardly be blamed for allowing the injunction to run its course during the time period contemplated by the restrictive covenants being enforced.

At the end of its opinion in U.S. Bancorp, a case that was *dismissed* by reason of settlement, the Supreme Court observed that "a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions the district court consider the request . . . pursuant to Federal Rule of Civil Procedure

-4-

60(b)." 513 U.S. at 29. Here, this case must be remanded for further proceedings. We conclude the Court's observation applied in this procedural setting provides a sound basis for an equitable disposition of this appeal.

Accordingly, we dismiss this appeal as moot and remand to the district court for further proceedings not inconsistent with this opinion. We do not direct the court to vacate as moot its Order dated September 5, 2019 granting a permanent injunction. However, the findings and conclusions in that Order will remain subject to review should they be challenged on appeal from the court's final order. In other words, the Order remains in effect subject to modification (or vacating) by the district court based on further pretrial and trial proceedings, or on a subsequent appeal. The parties will bear their own costs for this appeal.

_____