# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1294
_____

In re: CenturyLink Sales Practices and Securities Litigation

------------------------------

Victor Romero; Pamela Romero, on behalf of themselves and all others similarly situated

*Plaintiffs - Appellees*

Edwin Miller; Vonita Taylor; Patrick West

*Movants - Appellants*

v.

CenturyLink, Inc., et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 21, 2020
Filed: February 2, 2021
[Unpublished]

_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Various plaintiffs filed lawsuits against CenturyLink, Inc. that later were centralized in a multidistrict litigation in the District of Minnesota. Plaintiffs moved the district court[1] for provisional class certification and preliminary approval of the class settlement. The district court entered an order (the "Preliminary Approval Order") that provisionally certified the class, preliminarily approved the class settlement, and temporarily enjoined certain persons from filing or maintaining an action in arbitration against CenturyLink relating to the claims brought in the multidistrict litigation. Shortly after the district court issued the Preliminary Approval Order, counsel for Edwin Miller, Vonita Taylor, and Patrick West ("Movants") entered an appearance and appealed the Preliminary Approval Order and preliminary injunction. On appeal, Movants argue solely that the preliminary injunction violated (1) the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and (2) their due process rights by enjoining them from commencing an arbitration action against CenturyLink. Since appealing, Movants have opted out of the class, and the district court granted Plaintiffs' motion for final approval of the settlement and entered final judgment. CenturyLink then moved to dismiss this appeal, arguing it is moot because the preliminary injunction has since expired. We agree, so we grant the motion to dismiss.

Our jurisdiction is limited "by Article III to render opinions only with respect to live cases and controversies." *Perficient, Inc. v. Munley*, 973 F.3d 914, 916 (8th Cir. 2020) (internal quotation marks omitted). This means "that if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case" as moot "rather than issue an advisory opinion." *Id.* (internal quotation marks omitted). "[W]hen an injunction expires by its own terms there is nothing to review," and

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

therefore the case is moot. *FIMCO, Inc. v. Funk*, 748 F. App'x 716, 717 (8th Cir. 2019) (per curiam).

At this point, the challenged preliminary injunction in the Preliminary Approval Order has expired. The Preliminary Approval Order stated that the "Releasing Parties are hereby enjoined from filing . . . [or] maintaining . . . [an] arbitration" "[p]ending the Final Approval Hearing and issuance of the Final Approval Order and Final Judgment." On November 19, 2020, the district court held a final approval hearing. On December 4, 2020, the district court entered the final approval order. And on December 14, 2020, the district court entered a final judgment. Therefore, the appealed injunction has expired by its own terms, and there is no longer a live controversy on appeal.

Despite conceding that the preliminary injunction has expired, Movants claim that there still is a live controversy because the district court's Preliminary Approval Order will, through issue preclusion, bar them from pursuing a breach-of-contract claim against CenturyLink. Even assuming, without deciding, that issue preclusion would create a live controversy, Movants have not shown they would be precluded from bringing such a suit because the Preliminary Approval Order was not a final judgment. *See B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (requiring a "valid and final judgment" for issue preclusion to apply). Neither the Preliminary Approval Order (by its own terms) nor the preliminary injunction within it were "final judgments." *See Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir. 1982) ("[T]he granting or denial of a preliminary injunction . . . is not a final judgment for the purposes of collateral estoppel.").

Movants also claim that an exception to the mootness doctrine applies here, which would permit us to hear this case because: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. ---, 136 S. Ct. 1969, 1976 (2016) (internal quotation marks and brackets omitted). This

argument fails, as Movants have not shown a reasonable expectation that they will be subject to such an injunction again. Movants proffer but one reason in support of their argument: class members who objected to the settlement could appeal the settlement, and if the settlement is overturned on appeal, the whole process of entering a preliminary approval order with an injunction could begin again. Movants offer no argument as to why they believe there is a reasonable expectation that the settlement will be overturned on appeal. Therefore, we decline to apply this exception to the mootness doctrine.

In the alternative, if we find the appeal moot, Movants urge this Court to vacate the district court's Preliminary Approval Order. When a civil suit becomes moot pending appeal, we normally only vacate "judgment[s]" between "parties." *See Camreta v. Greene*, 563 U.S. 692, 712-13 (2011) (holding that, when "a civil suit becomes moot pending appeal," we may "vacate the judgment below" so "no party is harmed by what we have called a preliminary adjudication"). Here, the Preliminary Approval Order is not a judgment. *See* Black's Law Dictionary (11th ed. 2019) (defining "judgment" as "[a] court's final determination of the rights and obligations of the parties in a case"). Nor are Movants "parties," because they opted out of the settlement. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 457 (7th Cir. 1997) ("Having opted out of the class action, they were no longer members of the class and so in no sense were parties.").

Furthermore, even assuming that *Camreta* applies to a non-judgment and non-parties, "vacatur is an equitable remedy, not an automatic right." *Moore v. Thurston*, 928 F.3d 753, 758 (8th Cir. 2019). Generally, before we may vacate a district court's order, the party seeking vacatur must show both that they are not at fault for the mootness and that vacatur is in the public interest. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994); *Moore*, 928 F.3d at 758. Here, vacatur is improper because Movants have not shown that vacatur is in the public interest. "In considering the public interest, we recognize that judicial precedents are presumptively correct and valuable to the legal community as a whole and generally should be permitted to stand." *Moore*, 928 F.3d at 758 (internal quotation marks

omitted). Movants provide no reason why the public interest would be served by vacatur.

Even taking into account other traditional equitable factors, such as harm to the movant and harm to other interested parties, *cf. Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009), vacatur would be inappropriate. Movants are no longer affected by the preliminary injunction because it expired. As we have explained, Movants' only alleged legal consequence, issue preclusion, is inapplicable. Finally, vacating the Preliminary Approval Order could vacate portions of the order necessary to the class-action lawsuit, including but not limited to the section governing timely opt-outs from the proposed settlement, none of which Movants challenge. Accordingly, we decline to vacate the Preliminary Approval Order.

For the foregoing reasons, CenturyLink's motion to dismiss the appeal is granted.

_____