964 F.2d 754
 M. John EPP, M.D.; Plaintiff-Appellee
Jane Doe, I, By her next friend Kathryn D. Levy; Jane Doe,
II, By her next friend Kathryn D. Levy; Jane Doe,
III, By her next friend Kathryn D. Levy,
Intervenors Below,
v.
Robert KERREY, Governor of the State of Nebraska; Henry D.
Smith, M.D., Director of Health of the State of Nebraska;
Paul L. Douglas, Attorney General of the State of Nebraska;
Donald L. Knowles, County Attorney of Douglas County,
Nebraska; John D. Coe, M.D.; Herbert Reese, M.D.; Hirim
Hilton, M.D.; Warren R. Miller, M.D.; Leo T. Heywood,
M.D.; Mike Swanda; Leland C. Lucke; Thelma D. Young,
Members of the Nebraska Commission on Medical
Qualifications, Defendants-Appellants.
G. William ORR, M.D.; Women's Services, P.C., a Nebraska
Professional Corporation, Plaintiffs-Appellees,
v.
Donald L. KNOWLES, County Attorney for the County of
Douglas, Nebraska; Paul L. Douglas, Attorney General of the
State of Nebraska; Robert Kerrey, Governor of the State of
Nebraska; Henry D. Smith, M.D., Director of the State of
Nebraska; John D. Coe, M.D.; Herbert Reese, M.D.; Hirim
Hilton, M.D.; Warren R. Miller, M.D.; Leo T. Heywood,
M.D.; Michael Swanda; Leland C. Lucke; Thelma D. Young,
Defendants-Appellants.
 No. 91-1536.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 14, 1991.
Decided May 14, 1992.
 
 Steven Grasz, Lincoln, Neb., argued (Royce N. Harper, on the brief), for defendants-appellants.
 Leslie D. Callahan, New York City, argued (Kim J. Landsman, on the brief), for plaintiffs-appellees.
 Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.
 LOKEN, Circuit Judge.
 
 
 1
 Appellees, doctors who operated abortion clinics in Omaha, commenced these lawsuits in 1981 against Nebraska state officials ("the State") challenging the constitutionality of Nebraska Legislative Bill 466, enacted May 28, 1981. One section of that Bill, codified as Neb.Rev.Stat. § 28-347, prescribed parental notification and judicial by-pass procedures before minors could obtain abortions. On September 16, 1983, the district court[1] declared much of § 28-347 unconstitutional and permanently enjoined the State from enforcing the invalidated provisions (the 1983 Injunction). The State did not appeal that injunction.
 
 
 2
 On July 27, 1990, the State moved to vacate the 1983 Injunction, arguing that recent Supreme Court cases had expanded states' authority to regulate abortions and thus changed controlling law. On October 31, 1990, the district court denied the motion. Without reaching the merits of the State's legal arguments, the district court concluded that there was no showing of the inequity required to justify relief from a permanent injunction under the "grievous wrong" standard of United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 460, 463, 76 L.Ed. 999 (1932), as followed by this court in Humble Oil & Ref. Co. v. American Oil Co., 405 F.2d 803, 813 (8th Cir.1969). Rather than appeal the October 31 order, the State filed a Motion for Reconsideration in the district court on November 9, 1990. The district court denied this motion in an order dated February 20, 1991, and the State then filed this appeal.
 
 
 3
 While this appeal was pending, Nebraska enacted Legislative Bill 425 (1991). This new law has completely revised the State's parental notification and judicial by-pass requirements. It also explicitly repealed § 28-347.
 
 
 4
 The repeal of § 28-347 has mooted the State's contention that recent Supreme Court decisions require us to reconsider the 1983 Injunction. See Kremens v. Bartley, 431 U.S. 119, 128-29, 97 S.Ct. 1709, 1714-15, 52 L.Ed.2d 184 (1977); Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); Coleman v. Lyng, 864 F.2d 604, 611-12 (8th Cir.1988), cert. denied, 493 U.S. 953, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989). Unlike City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982), relied upon by the State in opposing appellees' motion to dismiss the appeal as moot, this case does not present an "exceptional circumstance" in which the dispute is "capable of repetition, yet evading review." Lewis v. Continental Bank Corp., 494 U.S. 472, 481, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). There is no evidence here that the State intends to reenact the repealed statute, nor that any such legislative action could "evade review."When a civil case becomes moot pending appeal, the appellate court normally vacates the order being appealed and remands to the district court with instructions to dismiss the case as moot. See United States v. Munsingwear, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). Treating the "case" here as the proceedings commenced by the State's July 1990 motion to vacate the 1983 Injunction, we agree that the district court orders challenged on appeal should be vacated. Mootness has prevented review of the district court's response to the motion to vacate and to the subsequent motion for reconsideration. Appellate review is an essential part of the litigation process. Here, that review would have been conducted under precedents not available to the district court, since the Supreme Court has recently relaxed application of Swift's grievous wrong standard in "institutional reform litigation." See Rufo v. Inmates of the Suffolk County Jail, --- U.S. ----, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992); see also Association for Retarded Citizens of N.D. v. Sinner, 942 F.2d 1235, 1239 (8th Cir.1991).
 
 
 5
 The State urges us to go beyond the proceedings at issue and to vacate the 1983 Injunction. We decline to do so. In the first place, the 1983 Injunction was later incorporated into a broader final judgment; we have no basis to determine on this record the present status of other aspects of that permanent injunction. In addition, assuming the 1983 Injunction has any practical significance after the repeal of § 28-347,[2] we think the district court should be the first to address its current vitality on an adequate record. Finally, we note that the State slept on its rights when it failed to appeal the 1983 Injunction. We are not willing to depart from normal mootness principles "to do what by orderly procedure [the State] could have done for itself." Munsingwear, 340 U.S. at 41, 71 S.Ct. at 107.
 
 
 6
 Accordingly, the district court's Orders of October 31, 1990, and February 20, 1991, are vacated. Appellees' motion for an award of attorneys' fees on appeal is denied. Each party will bear its own costs on appeal. Since the parties appear to agree that there is no present controversy, we see no need to remand.
 
 
 
 [1]
 The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 At oral argument, counsel for appellees advised that, in the unlikely event Nebraska reenacted § 28-347 in the future, appellees would of course need to bring a new action challenging that new statute, suggesting to us that the 1983 Injunction is no longer of any practical consequence