# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1388

_____

Frank R. Owens,                          *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
      v.                                 *   District Court for the
                                         *   Southern District of Iowa.
Donald J. Mallinger,                     *
                                         *          [UNPUBLISHED]
            Appellee.                    *

_____

Submitted: April 1, 2009
Filed: April 8, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Frank Owens appeals the preservice dismissal of his 42 U.S.C. § 1983 complaint. After Owens filed his original complaint, he filed four motions to amend the complaint. The district court granted Owens's motions to amend, but dismissed the complaint.[1] In its dismissal order, the court addressed each of Owens's claims from his original complaint—and from his second, third, and fourth motions to amend

_____

[1]Although the district court granted Owens's motions to amend, which added numerous new defendants, none of these additional defendants is listed on the district court docket sheet.

—but the court did not address any of the numerous claims raised in the first motion to amend.[2] In these circumstances, we conclude there is no final appealable order, and we must dismiss the appeal for lack of jurisdiction. See 28 U.S.C. § 1291 (establishing "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of district courts"); Fed. R. Civ. P. 54(b) (providing any order that adjudicates fewer than all claims does not end an action as to any claims or parties); Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991) (declaring jurisdictional issues will be raised sua sponte when there is an indication that jurisdiction is lacking; and an appeal was premature when some claims remained pending).

We dismiss the appeal and remand this matter so the district court may address the claims raised in Owens's first motion to amend. We express no opinion on the merits of those claims.

_____

[2]In addition to naming twelve new defendants in the first motion to amend, Owens made various allegations including: (1) he was deprived of the right to complete a "criminal thinking packet" and to speak to his attorney in private; (2) he was denied a prison transfer based on false disciplinary reports; (3) in retaliation for lawsuits Owens had filed, defendants interfered with or delayed the mailing of his legal letters; (4) he was denied a mop to clean urine off the floor, and was not given sufficient stationery; (5) there was a conspiracy to deny Owens's grievances; (6) he was denied the right to see a doctor; and (7) he was subjected to false disciplinary proceedings.

-2-