PER CURIAM.
Shirley and Megan Phelps-Roper brought this First Amendment challenge to a Manchester, Missouri ordinance that regulates protests near funerals. On cross motions for summary judgment, the district court[2] considered the ordinance as originally adopted and as twice amended. It ruled in favor of the Phelps-Ropers, awarding them nominal damages and enjoining enforcement of the ordinance. The City of Manchester appeals, arguing that the Phelps-Ropers lack standing to challenge the ordinance, that the Phelps-Ropers’ challenges to earlier versions of the ordinance are moot, and that the ordinance is a constitutionally valid content neutral time, place, or manner regulation. The Phelps-Ropers respond that Manchester’s ordinance is unconstitutional under our court’s prior decision in Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir.2008).
The Phelps-Ropers are members of the Westboro Baptist Church (WBC), which believes that God is punishing America for tolerating homosexuality. WBC expresses its views by protesting at funerals, including those of American soldiers. Its members hold signs with messages such as “Thank God for Dead Soldiers” and “God Hates You” at protests staged near funerals. Snyder v. Phelps, — U.S. -, 131 S.Ct. 1207, 1213, 179 L.Ed.2d 172 (2011).
In 2007 Manchester adopted an ordinance in § 210.264 of its municipal code regulating protests at funerals in response to the WBC’s activities. The ordinance was amended twice, and its final form prohibits “picketing or other protest activities ... within three hundred (300) feet of any residence, cemetery, funeral home, church, synagogue, or other establishment during or within one (1) hour before or one (1) hour after the conducting of any actual funeral or burial service at that place.” Manchester’s ordinance now closely resembles a similar statute that the Sixth Circuit upheld over First Amendment challenges in Phelps-Roper v. Strickland, 539 F.3d 356, 373 (6th Cir.2008).
After the Phelps-Ropers challenged the constitutionality of the Manchester ordinance, the district court concluded that they had standing to bring their claims and that their challenges to earlier ver *816 sions of the ordinance were not moot. The court decided that the second and third versions of the ordinance were content based, but that even if they were content neutral, they would have still violated the First Amendment. The district court concluded that each version violated the First Amendment, permanently enjoined enforcement of the ordinance, and awarded nominal damages to the Phelps-Ropers. Manchester challenges all of these decisions in its appeal.
We agree that the Phelps-Ropers had standing to challenge the ordinance. Manchester’s ordinance specifically targets the Phelps-Ropers’ conduct, Minn. Citizens Concerned for Life v. Fed. Election Comm’n, 113 F.3d 129, 131 (8th Cir.1997), and Manchester did not disavow intentions to enforce it. See St. Paul Area Chamber of Commerce v. Gaertner, 439 F.3d 481, 486 (8th Cir.2006). The Phelps-Ropers thus have “some reason in fearing prosecution” under the ordinance. Babbitt v. United Farm Workers Nat’l Union, 442 U.S. 289, 302, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979). Their challenges to the two earlier versions of the ordinance are moot, however, because Manchester amended the ordinance in response to related judicial decisions. See, e.g., Strickland, 539 F.3d at 373. It cannot therefore reasonably be concluded that Manchester might now reinstate provisions in conflict with those precedents. See Epp v. Kerrey, 964 F.2d 754, 755 (8th Cir.1992). Moreover, the Phelps-Ropers could challenge any unlikely reinstatement. Id.
The only justiciable question before the court at this time is whether Manchester’s current ordinance violates the First Amendment. The district court concluded that the ordinance was a content based regulation. Whether an ordinance is content based is determined by examining the plain meaning of its text. Nixon, 545 F.3d at 691. Manchester’s ordinance prohibits “picketing” and “other protest activities,” which it defines as conduct “disruptive or undertaken to disrupt or disturb a funeral or burial service.” The ordinance does not favor some topics or viewpoints over others and it “applies] equally to all demonstrators, regardless of viewpoint.” Hill v. Colorado, 530 U.S. 703, 719, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000) (citation omitted). It is not a “regulation of speech” but rather “a regulation of the places where some speech may occur.” Id. That a court may need to conduct a “cursory examination” of a speaker’s words to determine if she engaged in picketing or other protests regulated by Manchester’s ordinance does not transform this otherwise neutral ordinance into a content based regulation. Id. at 721-22, 120 S.Ct. 2480. The district court thus erred in concluding that the ordinance was a content based regulation. See id. at 719-22, 120 S.Ct. 2480.
The district court alternatively held that the ordinance could not survive because it was not “narrowly tailored to serve a significant governmental interest.” Ward v. Rock Against Racism, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). Relying on Nixon, 545 F.3d at 692, and Olmer v. City of Lincoln, 192 F.3d 1176, 1182 (8th Cir.1999), the district court concluded that Manchester had no significant interest “in protecting funeral attendees from unwanted communication.” It reasoned that Olmer had “unequivocally refused to recognize the government’s significant interest in protecting unwilling listeners outside the residential context.” Nixon had in fact concluded that “ ‘the home is different,’ and, in our view, unique” and therefore “other locations, even churches, [could not] claim the same level of constitutionally protected privacy.” 545 F.3d at 692 (quoting Olmer, 192 F.3d at 1182.) We recognize that the Sixth *817 Circuit came to a different conclusion in Strickland, 539 F.3d at 362-66, in upholding an ordinance closely resembling the one at issue here, but we agree that the district court was required to follow our precedent in Nixon.
Accordingly, we affirm the judgment of the district court.

. The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.