MURPHY, Circuit Judge,
concurring.
While our earlier decision in Phelps-Roper v. Nixon, 545 F.3d 685 (8th Cir. 2008), requires reversal in this ease, I believe that Nixon’s resolution of the competing legal interests arising in that case should be reconsidered by the full court. Among the significant interests are the First Amendment rights asserted by members of the Westboro Baptist Church and the potential government interest in protecting captive funeral mourners from unwelcome intrusions and messages. Funerals “are a sign of the respect a society shows for the deceased and for the surviving family members.” Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 168, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004). As already noted in my concurring statement in Phelps-Roper v. City of Manchester, Missouri, 658 F.3d 813, 818-19 (8th Cir.2011), the Supreme Court has suggested that the Church’s “choice of where and when to conduct its picketing is not beyond the Government’s regulatory reach — it is ‘subject to reasonable time, place, or manner restrictions’ that are consistent with the standards announced in [the] Court’s precedents.” Snyder v. Phelps, — U.S. -, 131 S.Ct. 1207, 1218, 179 L.Ed.2d 172 (2011) (citation omitted). Our full court should consider whether and to what extent the significant governmental interest in protecting individuals attempting to enter a medical facility from unwanted speech, Hill v. Colorado, 530 U.S. 703, 729, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000), can be extended to funeral mourners.