**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1086**

SHIRLEY J. UGBO,

        Plaintiff - Appellant,

     v.

THE ALLIANCE LEGAL GROUP, P.L.L.C.; THE LAW OFFICES OF STEVE
C. TAYLOR, P.C.,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Norfolk.  Mark S. Davis, District Judge.  (2:15-cv-00151-MSD-RJK)

Submitted:  May 30, 2017                       Decided:  June 22, 2017

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Shirley J. Ugbo, Appellant Pro Se.  Steve Clayton Taylor, LAW OFFICES OF STEVE C.
TAYLOR, PC, Chesapeake, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shirley J. Ugbo appeals the district court's order granting summary judgment to Defendants on her claims of race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17 (2012). Although "[t]he parties . . . have not questioned our jurisdiction . . . , we have an independent obligation to verify the existence of appellate jurisdiction" and may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted); *see* 28 U.S.C. §§ 1291, 1292 (2012). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter*, 803 F.3d at 696 (internal quotation marks omitted). "Regardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." *Id.*

Applying the liberal construction due to this pro se pleading, Ugbo's complaint alleged a claim for retaliatory discharge. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Indeed, the district court recognized in two separate orders that Ugbo's complaint alleged retaliatory termination. However, the district court's memorandum order granting Defendants' summary judgment motion failed to address this claim. The district court seemed to conclude that Ugbo had abandoned the claim based on her deposition testimony. However, we find that Ugbo's deposition testimony does not definitively establish that she abandoned the claim. To the extent Ugbo's deposition testimony was ambiguous on the issue, her response to Defendants' summary judgment motion clarified

2

any uncertainty and reiterated the retaliatory termination claim alleged in the complaint. Because the district court failed to resolve this claim, we lack jurisdiction over this appeal. *See Porter*, 803 F.3d at 695, 699.

Accordingly, we dismiss the appeal and remand to the district court for consideration of Ugbo's retaliatory discharge claim. We express no opinion regarding the claim or any other of Ugbo's claims decided by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*