# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1262

_____

SD VOICE; Cory Heidelberger

*Plaintiffs - Appellees*

v.

Kristi Noem, Governor of South Dakota, in her official capacity; Jason Ravnsborg, Attorney General of South Dakota, in his official capacity; Steve Barnett, Secretary of State of South Dakota, in his official capacity.

*Defendants - Appellants*

------------------------------

South Dakota Chamber of Commerce & Industry; South Dakota Biotech Association

*Amici on Behalf of Appellant(s)*

_____

No. 20-1278

_____

SD VOICE; Cory Heidelberger

*Plaintiffs - Appellants*

v.

Kristi Noem, Governor of South Dakota, in her official capacity; Jason Ravnsborg, Attorney General of South Dakota, in his official capacity; Steve Barnett, Secretary of State of South Dakota, in his official capacity.

*Defendants - Appellees*

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Defendants (the South Dakota governor, attorney general, and secretary of state) appeal the district court's decision permanently enjoining as unconstitutional a South Dakota law regulating ballot-petition circulation. In turn, Plaintiffs (South Dakota ballot-question committee SD Voice and its operator Cory Heidelberger) cross-appeal the district court's failure to decide all of their claims. For the following reasons, we dismiss both appeals for lack of jurisdiction.

**I.**

South Dakota citizens may enact laws directly through ballot measures. S.D. Const. art. 3, § 1. Before being placed on the ballot, a measure must garner support from a sufficient number of electors, which is generally achieved by circulating ballot petitions for signatures. *See* S.D. Codified Laws § 2-1-1. In 2019, the South Dakota Legislature enacted House Bill 1094 ("HB 1094"), regulating this process. 2019 S.D. Sess. Laws ch. 14 §§ 1-11. HB 1094 applied to "petition circulators," defined to include any adult resident who "solicit[ed] petition signatures from members of the public for the purpose of placing ballot measures on any statewide election ballot." *Id.* § 1. Under HB 1094, petition circulators had to provide the South Dakota secretary of state with a large amount of personally identifying

information, which would then be compiled in a publicly available directory. *Id.* §§ 3-4. HB 1094 also required petition circulators to wear a badge displaying an identifying number that could be cross-referenced with this directory. *See id.* §§ 6-7.

After HB 1094's enactment, Plaintiffs brought this case, arguing the law violated the First Amendment. Plaintiffs also challenged a statutory requirement predating HB 1094 that required ballot petitions to be filed one year before the next general election (the "Fifth Claim"). *See* S.D. Codified Laws § 2-1-1.2 (2018). After a bench trial, the district court entered judgment for Plaintiffs, declared HB 1094 unconstitutional, and permanently enjoined Defendants from enforcing it. The district court did not, however, decide Plaintiffs' Fifth Claim, and it summarily denied Plaintiffs' subsequent request for a decision.

Defendants appealed, challenging the district court's decision permanently enjoining HB 1094's enforcement. Plaintiffs cross-appealed, contending the district court should have decided their Fifth Claim. While these appeals were pending, the South Dakota Legislature passed Senate Bill 180 ("SB 180"), which substantially changed HB 1094. *See* 2020 S.D. Sess. Laws ch. 8 §§ 1-13. Given this change, Plaintiffs move to dismiss Defendants' appeal as moot.

## II.

### A.

We first consider whether Defendants' appeal is moot. "Under Article III of the Constitution, [we] may adjudicate only actual, ongoing cases or controversies." *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004) (internal quotation marks omitted). "[W]hen the issues presented [in a case] are no longer 'live,'" the case is moot and is "therefore no longer a 'Case' or 'Controversy' for purposes of Article III." *Teague v. Cooper*, 720 F.3d 973, 976 (8th Cir. 2013).

"When a law has been amended or repealed, actions seeking . . . injunctive relief for earlier versions are generally moot." *Id.*

Here, Plaintiffs sought injunctive relief barring HB 1094's enforcement. While this appeal was pending, the South Dakota Legislature enacted SB 180, replacing HB 1094. *See* 2020 S.D. Sess. Laws ch. 8 § 1. Thus, Defendants' appeal, which asks us to uphold the now-defunct HB 1094 as constitutional, is moot.

Defendants concede SB 180 amended HB 1094 but counter that SB 180 is sufficiently similar to HB 1094 to sustain our jurisdiction. True, "[a] controversy is not moot if the new statute is sufficiently similar to the [old] statute" such that it "disadvantages [the plaintiff] in the same fundamental way the [old] statute did." *Smithfield Foods, Inc. v. Miller*, 367 F.3d 1061, 1064 (8th Cir. 2004) (internal quotation marks and brackets omitted); *see also Ne. Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 662 (1993) (rejecting mootness argument because the amended law still "disadvantage[d] [the plaintiffs] in the same fundamental way" as the old law).

But SB 180 is a far cry from HB 1094 and does not disadvantage Plaintiffs in the same fundamental way that HB 1094 did. For example, the district court held that HB 1094's definition of "petition circulator" had a "terrible sweep," conceivably applying to any ballot-measure supporter, regardless of his involvement in petition circulation. Accordingly, the court held that this definition constituted viewpoint discrimination because it targeted only ballot-measure proponents and, alternatively, was unconstitutionally broad. SB 180 addresses this problem, redefining "petition circulator" to include only those persons actually circulating petitions. 2020 S.D. Sess. Laws ch. 8 §§ 1-2.

Further, the district court held that the petition-circulator directory, in conjunction with the requirement to wear a badge displaying an identification number, failed constitutional scrutiny. The court specifically noted that these requirements—and the identification number in particular—violated the Supreme

-4-

Court's decision in *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182 (1999). But SB 180 has tackled this issue too by eliminating the identification number from the badge. 2020 S.D. Sess. Laws ch. 8 § 7.

Indeed, Defendants' claim that SB 180 is essentially the same as HB 1094 is at odds with SB 180's apparent purpose. As one of SB 180's sponsors explained at a legislative hearing, SB 180 (and particularly the definitional change) was designed to address the constitutional infirmities identified by the district court.[1]

Moreover, the contrast between our decisions applying the sufficiently-similar doctrine and this case shows the doctrine's inapplicability. In *Smithfield*, we held that the appeal was not moot because the new law "impose[d] the same restrictions on [the plaintiff] as before the amendment" and actually "enlarged the group subject to [the law's] prohibitions." 367 F.3d at 1064. Similarly, in *Rosenstiel v. Rodriguez*, we held that the appeal was not moot because the new law impaired the Plaintiffs "in the very same way" and the changes seemed to "broaden[] the coverage of the law." 101 F.3d 1544, 1548 (8th Cir. 1996). Here, by contrast, SB 180 substantially narrows the universe of regulated persons by redefining "petition circulators" and by requiring only paid petition circulators to register with the secretary of state. 2020 S.D. Sess. Laws ch. 8 §§ 2-3. And, unlike the laws in *Smithfield* and *Rosenstiel*, rather than imposing the same regulations on Plaintiffs, SB 180 removes the identifying number from the required badge. Finally, it seems that the plaintiffs in *Smithfield* and *Rosenstiel* did not claim mootness, whereas here Plaintiffs do. *See* Appellant's Suppl. Br. at 4, *Smithfield*, 367 F.3d 1061 (8th Cir. Oct. 17, 2003) (No. 03-1411); *Rosenstiel*, 101 F.3d at 1548.

Considering SB 180's substantial changes, we cannot say that it disadvantages Plaintiffs "in the same fundamental way" as HB 1094. *See Smithfield*, 367 F.3d at 1064. That Plaintiffs—who are uniquely situated to evaluate SB 180's impact on

---

[1]*See* Senate Bill 180, South Dakota Legislature, https://sdlegislature.gov/Session/Bill/12123 (follow audio hyperlink for the Amendment 180C hearing, audio at 1:05:00-06:50).

them—insist that "SB 180 does not disadvantage [them] in the same fundamental way" HB 1094 did only bolsters this conclusion. Accordingly, we must dismiss Defendants' appeal as moot.

B.

The question now becomes what to do with the district court's judgment, which Defendants ask us to vacate. "[V]acatur is an equitable remedy, not an automatic right." *Moore v. Thurston*, 928 F.3d 753, 758 (8th Cir. 2019). As the parties seeking vacatur, Defendants bear the burden of showing an "entitlement to [this] extraordinary remedy." *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). In considering whether vacatur is appropriate, we typically consider "fault and public interest." *Moore*, 928 F.3d at 758.

In evaluating fault, we distinguish between situations where a party's own actions moot a case, and situations where mootness arises from mere "happenstance." *Id.* Plaintiffs argue only that the South Dakota governor—who signed SB 180 into law—is at fault for the mootness here. That makes sense, as the South Dakota attorney general and secretary of state apparently had nothing to do with SB 180's enactment. *Cf. id.* (suggesting that a secretary of state is not at fault for mooting legislation).

We have not yet decided whether a governor who signs the mooting legislation into law is at "fault" for vacatur purposes. Decisions from other circuits are mixed. *Compare Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018) (holding that a governor who signs the mooting law is not at fault where "there is no evidence that he was the moving force behind the legislation"), *with Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 121 (4th Cir. 2000) (suggesting a governor, as opposed to other executive officials, may be considered at fault for mooting legislation). But we need not wade into these murky waters here as the public interest alone defeats vacatur. *See Moore*, 928 F.3d at 758-59 (denying vacatur solely on public-interest

ground); *U.S. Bancorp*, 513 U.S. at 26 ("[Judgments] should stand unless a court concludes that the public interest would be served by a vacatur.").

Considering the public interest, "judicial precedents are 'presumptively correct and valuable to the legal community as a whole' and generally should be permitted to stand." *Moore*, 928 F.3d at 758 (quoting *U.S. Bancorp*, 513 U.S. at 26). This is particularly true here, where the district court's judgment works to protect petition circulation, which the Supreme Court has described as "core political speech" where "First Amendment protection . . . is at its zenith." *See Buckley*, 525 at 186-87 (internal quotation marks omitted); *see also Moore*, 928 F.3d at 758-59 (denying vacatur because "the public interest [was] best served by a substantial body of judicial precedents limiting the burden that those requirements may place on candidates' and voters' First and Fourteenth Amendment rights"). Moreover, while Defendants acknowledge that the public interest is important to the vacatur inquiry, they offer no argument as to how vacatur here serves the public interest, instead arguing only how vacatur serves them. Accordingly, Defendants have failed to show their entitlement to vacatur, and we decline to vacate the district court's judgment.

## III.

We next turn to Plaintiffs' cross-appeal, which presents a different jurisdictional defect. With exceptions absent here, we have jurisdiction only over a district court's "final decisions." *See* 28 U.S.C. § 1291. An "order is final if it ends the litigation on the merits and leaves nothing more for the district court to do but execute the judgment." *Alpine Glass, Inc. v. Country Mut. Ins. Co.*, 686 F.3d 874, 877 (8th Cir. 2012) (internal quotation marks omitted); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. ---, 140 S. Ct. 582, 586 (2020) (same). An order that resolves fewer than all claims is paradigmatically not final. *See, e.g., Consul Gen. of Republic of Indon. ex rel. Salom v. Bill's Rentals, Inc.*, 251 F.3d 718, 720 (8th Cir. 2001); *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991). Thus, generally, when a party appeals from a non-final order, we must dismiss for lack of jurisdiction. *See Miller v. Special Weapons, L.L.C.*, 369 F.3d 1033, 1033-35 (8th

Cir. 2004) (dismissing appeal for lack of jurisdiction because claims were still pending in the district court when appeal was filed).

Here, Plaintiffs appeal the district court's failure to decide the Fifth Claim. But Plaintiffs' own argument highlights the jurisdictional problem: the district court has not yet decided all of their claims.

True, as Defendants point out, the district court purported to enter a "judgment" in this case and, by awarding attorney's fees, signaled that the case was finished. But the district court's view of finality is not controlling. For example, in *Riley v. Kennedy*, "the District Court directed entry of [the] order 'as a final judgment pursuant to Rule 58.'" 553 U.S. 406, 419 (2008). Nonetheless, the Supreme Court decided the order was nonfinal because the district court had not yet addressed all of the plaintiff's claims for relief. *Id.* In doing so, it noted that "[t]he label used by the District Court . . . cannot control an order's appealability." *Id.* (internal quotation marks omitted). So too here. The district court's characterization notwithstanding, we see no indication that the district court decided—or even mentioned—Plaintiffs' Fifth Claim. Its summary denial of Plaintiffs' request for a ruling on their Fifth Claim is similarly unrevealing. And the district court's ordered remedy, enjoining HB 1094's enforcement, does not resolve Plaintiffs' Fifth Claim, which challenged a statutory provision predating HB 1094. In sum, because Plaintiffs' Fifth Claim remains outstanding, the district court has not yet entered a final order, and we thus lack jurisdiction over Plaintiffs' cross-appeal. *See Miller*, 369 F.3d at 1035.

Accordingly, we dismiss Plaintiffs' cross-appeal for lack of jurisdiction and remand to the district court for consideration of Plaintiffs' remaining, unresolved claim. *See, e.g., Snider-Carpenter v. City of Dixon*, 504 F. App'x 527, 529-31 (8th Cir. 2013) (per curiam) (doing the same in similar circumstances); *Owens v. Mallinger*, 320 F. App'x 476, 476-77 (8th Cir. 2009) (per curiam); *Ugbo v. All. Legal Grp., P.L.L.C.*, 691 F. App'x 779, 780 (4th Cir. 2017) (per curiam); *Stillman v. Travelers Ins. Co.*, 88 F.3d 911, 914 (11th Cir. 1996) (per curiam).

## IV.

For the foregoing reasons, we dismiss both Defendants' appeal and Plaintiffs' cross-appeal for lack of jurisdiction, and we remand the issue raised on cross-appeal to the district court for consideration.

_____