# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2309

_____

Dan Whitfield

*Plaintiff - Appellant*

Gary Fults

*Plaintiff*

v.

John Thurston, In his Official Capacity as Secretary of State for the State of Arkansas

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: March 18, 2021
Filed: July 2, 2021

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Arkansas limits which candidates can appear on its general-election ballot. Ark. Code § 7-7-101. Relevant here, to appear on the ballot, a candidate running for

the U.S. Senate as an Independent must submit a political-practices pledge, an affidavit of eligibility, and a notice of candidacy. *See id.* § 7-7-103(a)(1). The candidate also must submit a nominating petition by May 1 in the year of the general election that is "signed by not less than three percent (3%) of the qualified electors of the state or which contain[s] ten thousand (10,000) signatures of qualified electors, whichever is the lesser." *Id.* § 7-7-103(b)(1)(B). The candidate may circulate this petition for signatures only in the ninety days preceding the filing deadline. *Id.* § 7-7-103(b)(3)(B).

In 2020, Dan Whitfield ran for the U.S. Senate as an Independent but failed to obtain the required signatures. He brought suit challenging as unconstitutional the previously mentioned requirements. After holding a bench trial, the district court[1] entered a judgment upholding the challenged provisions. Whitfield appealed. As Whitfield's appeal was pending, the 2020 general election came and went. Concerned that this may have mooted the appeal, we ordered the parties to submit supplemental briefing addressing mootness. For the following reasons, we dismiss Whitfield's appeal as moot.

"Under Article III of the Constitution, we may adjudicate only actual, ongoing cases or controversies. When the issues presented in a case are no longer live, the case is moot and is therefore no longer a 'Case' or 'Controversy' for purposes of Article III." *SD Voice v. Noem*, 987 F.3d 1186, 1189 (8th Cir. 2021) (internal quotation marks and brackets omitted). For instance, this occurs when the "requisite personal interest" that gave the plaintiff standing to bring the suit disappears as the case proceeds. *Phelps-Roper v. City of Manchester*, 697 F.3d 678, 687 (8th Cir. 2012) (en banc).

Here, Whitfield's interest in this case was predicated on his status as an Independent candidate; without such a candidacy, the challenged provisions do not

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

apply to him. But Whitfield's 2020 Independent candidacy has ended and, despite direct inquiries from us at oral argument, he has not indicated whether he intends to run as an Independent again. Thus, this case is no longer "live," and this appeal is moot. *See McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004).

Whitfield counters that this case falls within the capable-of-repetition-yet-evading-review exception to mootness. Under this doctrine, a case that would otherwise be moot is not if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). As the party invoking the exception, Whitfield bears the burden of demonstrating that it applies. *See Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018). But Whitfield has not done so. Even assuming that the first requirement is met, Whitfield has not shown that *he* is reasonably likely to be subject to the challenged statutory provisions again.

Instead, Whitfield argues that election cases are "different," such that he does not have to show that he will be subject to the same laws again, only that these laws "will affect candidates and voters in similar situations in future elections." Whitfield is mistaken.

True, in some of our older decisions, we held that election cases fell within the capable-of-repetition-yet-evading-review exception without applying the same-complaining-party requirement. *See Libertarian Party v. Bond*, 764 F.2d 538, 539 n.1 (8th Cir. 1985); *MacBride v. Exon*, 558 F.2d 443, 447 (8th Cir. 1977). For example, in *McLain v. Meier*, an Independent candidate (McLain) challenged certain ballot-access provisions. 637 F.2d 1159, 1161-62 (8th Cir. 1980). Even though the election in which McLain was a candidate had passed, we held that the case was not moot. *Id.* at 1162 & n.5. We explained that "[r]egardless of McLain's candidacy in any future election, election law controversies tend not to become moot" because they are "capable of repetition yet evading review." *Id.* at 1162 n.5.

But our approach changed in *Arkansas AFL-CIO v. F.C.C.*, 11 F.3d 1430, 1435-36 (8th Cir. 1993) (en banc) (plurality opinion).[2] *See Van Bergen v. Minnesota,* 59 F.3d 1541, 1546-47 (8th Cir. 1995) (treating the *Arkansas AFL-CIO* plurality opinion as controlling). There, we noted that the appellant had "unquestionably satisfie[d] the first prong" but that "[t]he second prong . . . , a reasonable expectation that the same party [would] be subject to a future action, present[ed] a closer question." *Ark. AFL-CIO*, 11 F.3d at 1435-36. Because the appellant had alleged that it would be subject to the challenged regulations again and was already involved in another similar dispute, we concluded that the second prong was met. *Id.* at 1436. Since *Arkansas AFL-CIO*, we have repeatedly applied the same-complaining-party requirement in election cases. *See Van Bergen*, 59 F.3d at 1547; *Nat'l Right to Life Pol. Action Comm. v. Connor*, 323 F.3d 684, 692 (8th Cir. 2003); *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 795-96 (8th Cir. 2016). And, as these cases confirm, we must apply this requirement here.

The Supreme Court's precedent on this issue confirms our approach. Like us, in older cases, the Court applied the capable-of-repetition-yet-evading-review exception in election cases apparently without insisting on the same-complaining-party requirement. *See Storer v. Brown*, 415 U.S. 724, 737 n.8 (1974); *Dunn v. Blumstein*, 405 U.S. 330, 333 n.2 (1972). But, in its more recent decisions, the Court has changed tack. For example, in *F.E.C. v. Wisconsin Right to Life, Inc.*, the Court held in an election case that "[t]he second prong of the capable of repetition exception requires a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." 551 U.S. 449, 463 (2007). There, because the party invoking the exception had "credibly claimed that it planned on" engaging in the same conduct again and had already sought a preliminary injunction based on that future conduct, there was "a reasonable expectation that the same controversy involving the same party [would] recur." *Id.*

---

[2]The concurrence in the judgment and the dissent in *Arkansas AFL-CIO* disagreed with the plurality on other grounds not relevant here. *See Ark. AFL-CIO*, 11 F.3d at 1142-43 (Arnold, C.J., concurring in the judgment); *id.* at 1443-45 (Gibson, J., dissenting).

at 463-64. A year later, the Supreme Court again applied the same-complaining-party requirement in an election case, concluding that it was met because the plaintiff had "made a public statement expressing his intent to" engage in the conduct that would place him in conflict with the challenged regulations again. *Davis v. F.E.C.*, 554 U.S. 724, 736 (2008). Thus, the Supreme Court's more recent caselaw dictates applying the same-complaining-party requirement in election cases. *See Stop Reckless Econ. Instability Caused by Democrats v. F.E.C.*, 814 F.3d 221, 229-31 (4th Cir. 2016) (acknowledging the Court's earlier jurisprudence but reaching the same conclusion we do here).

In sum, both the Supreme Court's and our precedent require Whitfield to demonstrate a reasonable expectation that he will be subject to the challenged laws again. He has not. Thus, the capable-of-repetition-yet-evading-review exception does not apply, and we dismiss this appeal as moot.

_____