# United States Court of Appeals
## For the Eighth Circuit

---

No. 24-2842

---

Twin Cities Safety, LLC, doing business as HeartCert; Numan Vocational Agency; Scofield Nursing Assistant Training Center, LLC; Loving Lotus CNA Training Academy, LLC; CPR Partner, LLC, doing business as CPR Training Center; Nostalgia School of Health Careers, LLC; Prime Time Medical Training, LLC; Accelerated School of Nursing Assistant; North American Medical Academy Co.

*Plaintiffs - Appellants*

v.

Roger Moe, in his official capacity as Chair of the Board of Trustees and Trustee of the Minnesota State Colleges and Universities, or his successor; George Soule, in his official capacity as Vice Chairman of the Board of Trustees and Trustee of the Minnesota State Colleges and Universities, or his successor; Jay Cowles, in his official capacity as the Treasurer of the Board of Trustees and Trustee of the Minnesota State Colleges and Universities, or his successor; Dawn Erlandson, in her official capacity as a Trustee of the Minnesota State Colleges and Universities, or her successor; April Nishimura, in her official capacity as a Trustee of the Minnesota State Colleges and Universities, or her successor; Kathy Sheran, in her official capacity as a Trustee of the Minnesota State Colleges and Universities, or her successor; Cheryl Tefer, in her official capacity as a Trustee of the Minnesota State Colleges and Universities, or her successor; Javier Morillo, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his successor; Christopher Richter, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his successor; Alex Cirillo, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his successor; Micah Coatie, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his successor; Jim Grabowska, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his successor; Tim Huebsch, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his successor; Idman Ibahim, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his

successor; Jerry Janezich, in his official capacity as a Trustee of the Minnesota State Colleges and Universities, or his successor; Dennis Olson, Jr., in his official capacity as Commissioner of the Minnesota Office of Higher Education, or his successor; HealthForce Minnesota; Valerie DeFor, in her official capacity as Executive Director of Minnesota State HealthForce Center of Excellence, or her successor

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 13, 2025
Filed: June 16, 2025
[Published]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In 2023, the Minnesota legislature passed an appropriations bill temporarily funding free training within the Minnesota public school system for would-be Certified Nursing Assistants (CNAs). Plaintiffs, private providers of CNA training programs, sought injunctive and declaratory relief, arguing that the law's implementation violated the Sherman Act, 15 U.S.C. § 1. The district court dismissed, Plaintiffs appealed, and we vacate and remand.

I.

CNAs "perform a variety of important health-care functions in Minnesota hospitals, long-term care facilities . . . veterans' homes, and other facilities."[1] Minnesota regulates training and certification for would-be CNAs in accordance with federal regulatory standards, and Plaintiffs, who run approved CNA-training courses in the State, charge between $750 and $1,500 per student to complete the program.

During the COVID-19 pandemic, Minnesota took various measures to address a shortage of healthcare workers. As one such effort, in 2023, the Minnesota legislature passed an appropriations bill "that sought to extend to students free CNA training at the state's colleges, universities, and high schools through the . . . Minnesota Board of Trustees." The law transferred $3,000,000 "to the Board of Trustees of the Minnesota State Colleges and Universities," in order to create and provide "a 'free up-front' model for covering the . . . costs" of CNA training for students. 2023 Minn. Sess. Law Serv. Ch. 41 (H.F. 2073) art. 1, § 2, subd. 42. The law specified that "[the] appropriation [wa]s available until June 30, 2025." Id.

Plaintiffs then brought this lawsuit against various Minnesota officials,[2] claiming that H.F. 2073 "provides no mechanism or process to include private entities, such as . . . Plaintiffs, to appropriate moneys to them to provide students

---

[1]The district court treated Defendants' motion to dismiss as a "facial attack" on jurisdiction and relied on the allegations in the complaint. See Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016). We do the same.

[2]Plaintiffs named several Minnesota officials as defendants, including: the Chair, Treasurer, Vice Chairman, and each Trustee of the Minnesota State Colleges and Universities system; the Commissioner of the Minnesota Office of Higher Education; and the Executive Director of the Minnesota State HealthForce Center of Excellence.

with free CNA training and exams." Plaintiffs alleged that by excluding private providers of CNA training from H.F. 2073's funds—and thus causing them to lose students to state-run competitors who could offer the trainings for free—Defendants had engaged in anticompetitive conduct in violation of the Sherman Act.[3] Plaintiffs sought declaratory and injunctive relief, asking the court to "bar[] the defendants from implementing the policy under [H.F. 2073]." Defendants moved to dismiss, arguing that they were immune from a Sherman Act claim, see N. C. State Bd. of Dental Exam'rs v. F.T.C., 574 U.S. 494, 503 (2015) (noting "the antitrust laws . . . confer immunity on anticompetitive conduct by the States when acting in their sovereign capacity"), and that regardless, Plaintiffs had failed to plead an effect on interstate commerce sufficient to confer subject matter jurisdiction. After a preliminary injunction hearing, the district court dismissed the case, agreeing with Defendants on both issues.

Plaintiffs appealed. In their response brief dated January 27, 2025,[4] Defendants argued the case "may in fact . . . be moot" because the Minnesota State Colleges and Universities website reported that "[a]s funding winds down, seven final classes are being offered," the last of which began on January 22, 2025.[5] Plaintiffs did not address Defendants' mootness argument in their reply brief, so we

---

[3]Plaintiffs also alleged equal protection and state-law claims not before us on appeal.

[4]After receiving two extensions, Plaintiffs filed their opening brief on December 23, 2024. The case was fully briefed by February 19, 2025.

[5]See Next Generation Nursing Assistant: Train. Test. Work. CNA Training, MINN. STATE, https://www.minnstate.edu/employersolutions/training/healthcare training/cn atraintestwork.html [https://perma.cc/HBP6- KVWX]; see also Search result for: next generation, MINN. STATE https://mnscu.rschooltoday.com/ public/getclass/sortOrder/ASC/from_search/1/limit/30/public/1/category_id/15/sub category_id/-1/keyword/next%20generation/ [https://perma.cc/76LJ-G3AY] (listing January 2025 dates for final CNA trainings available under the program).

directed the parties "to file concurrent letters . . . addressing whether this appeal is moot." The parties complied.

## II.

Federal courts must "in every case . . . make an independent determination about [their] own jurisdiction." Hunter v. Page County, 102 F.4th 853, 863 (8th Cir. 2024). And "[a]t every stage" of litigation, the plaintiff must maintain standing to sue, with an injury in fact, causality, and "a likelihood that a favorable decision from the court will redress the injury." Id. A case becomes moot and the court loses its jurisdiction when such a "dispute ceases to exist," as "when plaintiffs no longer have a 'personal stake in the outcome.'" Id. (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013)).

Plaintiffs sought declaratory and injunctive relief "barring the defendants from implementing [H.F. 2073] to provide free training to students in [CNA] training programs." But the free training is no longer being provided. Although H.F. 2073's appropriation technically extends until June 30, 2025, in January 2025, the Minnesota State website claimed that H.F. 2073's appropriated funds were "winding down" and being spent on a final set of classes beginning that month. And today, the website confirms that the "program has come to an end."[6] The case is moot. See In

---

[6]See Thank you for your interest in Nursing Assistant Training, MINN. STATE, https://www.minnstate.edu/employersolutions/training/healthcaretraining/cnatraint estwork.html [https://perma.cc/8UJF-KKNQ]; see also Certified Nursing Assistant Training, MN. OFF. OF HIGHER EDUC., https://www.ohe.state.mn.us/dPg.cfm? pageID=2481 [https://perma.cc/J72V-Y7WX] (using same language). Where, as here, neither party disputes the accuracy of the content on these public websites, we take judicial notice of them. See Missourians for Fiscal Accountability v. Klahr, 830 F.3d 789, 793 (8th Cir. 2016) (taking judicial notice of government website); see also Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 648 (7th Cir. 2011) (noting courts have "the authority . . . to take judicial notice of government websites," but "it is especially important for parties to have the opportunity to be heard prior to" doing so).

re Gretter Autoland, Inc., 864 F.3d 888, 891 (8th Cir. 2017) ("If nothing of practical consequence turns on the outcome of an appeal, then the appeal is moot.").

Resisting this conclusion, Plaintiffs suggest the case falls into the voluntary cessation exception to mootness, presumably because Minnesota phased out its spending before the appropriations period ended. True, "a defendant cannot always moot a case simply by voluntarily ceasing its unlawful conduct after the plaintiff files suit." Prowse v. Payne, 984 F.3d 700, 702 (8th Cir. 2021). But Plaintiffs do not allege that Defendants stopped funding CNA trainings in response to this litigation, or for any reason other than all of the money had been allocated. And to the extent Plaintiffs raise concerns about the policy "continuing," any passage of a new appropriations bill funding further CNA training programs is outside Defendants' control, making "the [voluntary cessation] doctrine . . . inapplicable." Hickman v. Missouri, 144 F.3d 1141, 1144 (8th Cir. 1998) (noting the voluntary cessation doctrine does not apply where "resumption of the challenged conduct does not depend solely on the defendants' . . . actions" (quoting Allen v. Likins, 517 F.2d 532, 535 (8th Cir. 1975))).

Plaintiffs also fail to show that their harm "is capable of repetition yet evading review." Noem v. Haaland, 41 F.4th 1013, 1016 (8th Cir. 2022) (noting "limited exception" to mootness in circumstances in which there exists "a reasonable expectation that the same complaining party will be subjected to the same action again" and where "the challenged action [is] of a duration too short to be fully litigated before becoming moot" (alteration in original) (quoting Iowa Prot. & Advoc. Servs. v. Tanager, Inc., 427 F.3d 541, 544 (8th Cir. 2005))). H.F. 2073 was a time-bound appropriation motivated by the COVID-19 pandemic. The Minnesota websites provided by the parties do not indicate any planned renewal. Plaintiffs have not demonstrated a "reasonable expectation" that the challenged policy will recur. See McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1036 (8th Cir. 2004) (quoting Van Bergen v. Minnesota, 59 F.3d 1541, 1547 (8th Cir. 1995)); see also Whitfield v. Thurston, 3 F.4th 1045, 1047 (8th Cir. 2021) (noting party invoking exception to mootness "bears the burden of demonstrating that it applies").

"When a civil case becomes moot pending appeal, the appellate court normally vacates the order being appealed and remands to the district court with instructions to dismiss the case as moot." <u>Epp v. Kerrey</u>, 964 F.2d 754, 756 (8th Cir. 1992). Accordingly, we vacate and remand for the district court to dismiss this case as moot.

_____