# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3200

_____

Morehouse Enterprises, LLC, doing business as Bridge City Ordinance; Gun Owners of America, Inc.; Gun Owners Foundation

*Plaintiffs - Appellants*

v.

Bureau of Alcohol, Tobacco, Firearms and Explosives; United States Department of Justice; Daniel P. Driscoll, In his Official Capacity as the Acting Director of ATF; Hans Hummel, In his Official Capacity as the Director of Industry and Operations for the Saint Paul Field Division of the ATF

*Defendants - Appellees*

------------------------------

Brady Center to Prevent Gun Violence; Everytown for Gun Safety Action Fund; March For Our Lives; Giffords Law Center to Prevent Gun Violence

*Amici on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: October 21, 2025
Filed: December 11, 2025
[Unpublished]

_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In 2021, the Biden administration announced a policy of "zero tolerance" for "rogue gun dealers."[1] Consistent with the zero-tolerance policy, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) circulated an internal Administration Action Policy (AAP) instructing agency personnel to seek revocation for certain first-time violations of the Gun Control Act of 1968. R. Doc. 55-1. Plaintiffs—a federal firearms licensee and two Second Amendment advocacy organizations—filed suit to challenge the zero-tolerance AAP.[2] The district court dismissed the complaint for failure to state a claim.

---

[1]White House, *Fact Sheet: Biden-Harris Administration Announces Comprehensive Strategy to Prevent and Respond to Gun Crime and Ensure Public Safety*, https://bidenwhitehouse.archives.gov/briefing-room/statements-releases/2021/06/23/fact-sheet-biden-harris-administration-announces-comprehensive-strategy-to-prevent-and-respond-to-gun-crime-and-ensure-public-safety/ (last visited Nov. 21, 2025).

[2]The complaint contained five claims: (1) the AAP is arbitrary and capricious under the Administrative Procedure Act, (2) the AAP violates the Second Amendment, (3) the ATF's inspection was retaliation in violation of the Fifth Amendment, (4) the ATF's inspection was selective prosecution in violation of the Fifth Amendment, and (5) the ATF's inspection denied access to the courts in violation of the First Amendment. Plaintiffs requested declaratory and permanent injunctive relief.

Plaintiffs appealed, but following a change in presidential administration,[3] the ATF repealed[4] the zero-tolerance AAP and replaced it with a new AAP.[5] Instead of establishing a "zero tolerance" standard for certain violations, the new AAP requires a "fact-specific analysis." 2025 AAP § 6(a). In particular, the policy recognizes that "[s]ome violations may be repetitive, yet accidental, and not inconsistent with public safety." *Id.* § 6(b). It explains, for example, that "[r]epeat non-willful errors (particularly those involving paperwork) may occur, even by a conscientious licensee." *Id.* § 7(a)(1)(b). It accordingly permits ATF officials to initiate license revocation proceedings only "if all elements of the violation, including the relevant *mens rea*, are established and it is appropriate under the circumstances." *Id.* § 6(b). Based on these events, the ATF has moved to dismiss the appeal as moot. Plaintiffs oppose the motion, arguing that the exceptions to mootness apply.

Upon review, we conclude that the appeal is moot and that no mootness exception applies. "[A]n appeal must be dismissed as moot when our decision will have no effectual relief whatever to a prevailing party." *Doe v. Pulaski Cnty. Special Sch. Dist.*, 306 F.3d 616, 621 (8th Cir. 2002) (en banc) (citation modified); *see also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event

---

[3]President Donald J. Trump issued an executive order directing a review of firearms-related matters. *See* The White House, *Presidential Actions: Protecting Second Amendment Rights* (Feb. 7, 2025) ("Executive Order"), https://perma.cc/3274-ALLR. The executive order directed the Attorney General to review "[a]gencies' plans, orders, and actions regarding the so-called 'enhanced regulatory enforcement policy' pertaining to firearms and/or Federal firearms licensees." *Id.* § 2(b)(iii).

[4]*See* Press Release, *ATF, DOJ, ATF Repeal FFL Inspection Policy and Begin Review of Two Final Rules* (Apr. 7, 2025), https://perma.cc/CM36-QA3D.

[5]*See* ATF, U.S. Dep't of Just., Order 5370.1H, *Federal Firearms Administrative Action Policy and Procedures* (May 6, 2025) ("2025 AAP"), https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&ved=2ah UKEwi156LIh_yQAxUnEFkFHeIrA8AQFnoECBEQAQ&url=https%3A%2F%2F www.atf.gov%2Ffile%2F201926%2Fdownload&usg=AOvVaw3BEIQsNvzfrhED Nuo51cel&opi=89978449 (last visited Nov. 21, 2025).

occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (citation modified)); *FBI v. Fikre*, 601 U.S. 234, 240 (2024) ("Sometimes, events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it. When that happens, a federal court must dismiss the case as moot."). Here, Plaintiffs sought declaratory and injunctive relief to "restrain[] [the ATF] from further implementing or otherwise enforcing [the] . . . 'zero tolerance' policy." R. Doc. 1, at 1. Plaintiffs received all the relief that they sought in their complaint when the ATF repealed the zero-tolerance AAP and replaced it with a new AAP after the change in presidential administration. The case is moot.

No exception to the mootness doctrine saves this appeal from dismissal. First, the ATF has satisfied its burden of showing that the reinstitution of the zero-tolerance policy cannot reasonably be expected to recur. *See Fikre*, 601 U.S. at 241 ("[A] defendant's voluntary cessation of a challenged practice will moot a case only if the defendant can show that the practice cannot reasonably be expected to recur." (citation modified)). Here, the ATF repealed the zero-tolerance AAP and replaced it with the new AAP "not in response to this lawsuit"[6] but instead in response to President Trump's executive order issued after the change in presidential administration. In that executive order, President Trump directed the Attorney General to review agency actions "to assess any ongoing infringements of . . . Second Amendment rights," including reviewing "[a]gencies' plans, orders, and actions regarding the so-called 'enhanced regulatory enforcement policy' [the zero-tolerance policy] pertaining to firearms and/or Federal firearms licensees." Executive Order, *supra* n.3, at § 2(a), (b)(iii).

---

[6]*Resurrection Sch. v. Hertel*, 35 F.4th 524, 529 (6th Cir. 2022) (en banc); *see also Twin Cities Safety, LLC v. Moe*, 139 F.4th 1015, 1020 (8th Cir. 2025) (per curiam) ("But Plaintiffs do not allege that Defendants stopped funding CNA trainings in response to this litigation, or for any reason other than all of the money had been allocated.").

Second, the present dispute is not capable of repetition, yet evading review. *See Abdurrahman v. Dayton*, 903 F.3d 813, 817 (8th Cir. 2018) (explaining that the mootness exception "allow[ing] a federal court to consider an otherwise moot case if it is capable of repetition, yet evading review . . . . applies if (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again" (citation modified)). Plaintiffs argue that the case evades review because none of the ATF's recent AAPs lasted longer than 19 months;[7] furthermore, they assert that there is a reasonable expectation that they will be subject to the same action again because the ATF can change its policy at any time, for any reason. But "a policy is not capable of repetition yet evading review merely because the governing body has the power to reenact the policy after the lawsuit is dismissed. Instead, the exceptions are rare and typically involve situations where it is virtually certain that the repealed policy will be reenacted." *Young Am.'s Found. v. Kaler*, 14 F.4th 879, 886 (8th Cir. 2021) (citation modified). Based on President Trump's executive order and the ATF's response to that order, it is virtually certain that the zero-tolerance AAP *will not* be reenacted during the Trump administration.

Accordingly, we grant the ATF's motion to dismiss this appeal as moot. The district court's order is vacated, and we remand to the district court to dismiss this case as moot. *See Twin Cities*, 139 F.4th at 1020 ("When a civil case becomes moot pending appeal, the appellate court normally vacates the order being appealed and remands to the district court with instructions to dismiss the case as moot." (quoting *Epp v. Kerrey*, 964 F.2d 754, 756 (8th Cir. 1992))).

———————————————

[7]The AAPs that Plaintiffs refer to were all issued during the Biden Administration and were consistent with the zero-tolerance policy. *See* R. Doc. 1, at 10–19. Plaintiffs challenged all of these versions in their complaint.